309 So.2d 780 (1975)
Nelson J. GONZALES, Plaintiff-Appellee,
v.
SOUTHWEST MOBILE HOMES, INC., Defendant-Appellee, and
Champion Home Builders Company, Defendant-Appellant.
No. 4900.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1975.
Rehearings Denied March 12, 1975.
Writ Refused June 6, 1975.
*781 Davidson, Meaux, Onebane & Donohoe by Lawrence L. Lewis, III, Lafayette, for defendant-appellant.
Jefferson J. Moss, Jr., Lafayette, for plaintiff-appellee.
Dubuisson, Brinkhaus, Guglielmo & Dauzat by James G. Dubuisson, Opelousas, Edwards, Stefanski & Barousse by Nolan J. Edwards, Crowley, for defendant-appellee.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Plaintiff, Nelson J. Gonzales instituted this suit against Southwest Mobile Homes, Inc., Champion Home Builders Co., and The First National Bank of Crowley, Louisiana. The action against Southwest and Champion was based on a redhibitory vice in a mobile home purchased by the plaintiff from Southwest, which mobile home was *782 manufactured and sold to Southwest by Champion. The action against First National Bank was for cancellation of a note and mortgage given in connection with the purchase and financing of the mobile home. After trial on the merits judgment was rendered in favor of the plaintiff against Southwest and Champion for the purchase price and finance charges connected with the purchase of the mobile home, and for certain incidental charges which the plaintiff had been obligated to pay in connection with the purchase of the mobile home. Judgment was also rendered in favor of First National Bank on a reconventional demand against the plaintiff on the note signed by the plaintiff. Judgment was also rendered in favor of Southwest on its third party demand against Champion for the amount of the judgment rendered in favor of the plaintiff against defendant, Southwest. An appeal was taken by Champion, and Southwest answered this appeal. We affirm in part, and reverse and render in part.
In October of 1971, the plaintiff purchased from Southwest one three-bedroom mobile home for the purchase price of $7,195.00. The mobile home had been manufactured by Manatee, a division of Champion Home Builders. In connection with the purchase, the plaintiff executed a chattel mortgage and vendor's lien in favor of the vendor, Southwest. A promissory note was signed by the plaintiff in the amount of $12,194.40, payable to the order of Southwest, which note was later assigned to the defendant, First National Bank of Crowley. Following the purchase of the mobile home, a number of defects were discovered by the plaintiff. Some of the window frames and door frames in the mobile home were not water tight and because of this defect water leaked into the trailer. The heating unit did not function properly so as to keep the interior of the mobile home at a comfortable temperature. Defective switches resulted in all the light switches in the mobile home having to be changed. The duct work of the heating system was improperly connected and had to be repaired. Several other defects were alleged to have been present, including defects in the drain pipe for the automatic clothes washer, defects in the insulation in the bottom of the trailer, defects in the sewer pipes, and defects in the gas line for the hot water tank. The plaintiff demanded rescission of the sale and tendered the mobile home to the seller by certified letter dated February 28, 1972. The plaintiff then filed suit on March 28, 1972, for rescission of the sale based on the alleged redhibitory vices, wherein the plaintiff prayed for rescission, an award of the down payment and the monthly installments paid by him up to that time on the note, payment of damages for inconvenience and discomfort and for expenses incurred by the plaintiff to prepare the site for his mobile home. He also prayed for cancellation of the note and mortgage which had been assigned to First National Bank, and in the alternative, that the defendants Southwest and Champion be required to assume the plaintiff's obligation and liability to First National Bank on the note. Answers were filed by Southwest and Champion denying the allegations of the plaintiff's petition. A similar answer was filed by First National Bank, and a reconventional demand was made by the bank alleging that the plaintiff was delinquent in his obligation on the note and as a result the bank was entitled to judgment against the plaintiff, for the sum of $11,797.92, plus attorney's fees. A third party demand was filed by Southwest against Champion alleging that Champion sold the trailer to Southwest and in connection with said sale vendor had warranted that the mobile home was free of any vices or defects and was suitable for the purposes for which it was placed on the market. Southwest prayed that in the event it should be held responsible in any way to the plaintiff that it have judgment over and against Champion for any and all damages for which it might be cast.
Following the trial judgment was rendered in favor of the plaintiff against defendant *783 Southwest and Champion for the full amount of the plaintiff's indebtedness on the note. Judgment was also rendered in favor of plaintiff in reconvention, First National Bank, against the plaintiff for the same amount. Judgment was also rendered in favor of the plaintiff and against Southwest and Champion for the sum of $319.30 for the amount paid by the plaintiff for sales tax, license, title certificate and official fees paid in connection with the purchase of the mobile home. Judgment on the third party demand was rendered in favor of Southwest against Champion on the express warranty between the parties limiting the third party plaintiff to its having the mobile home repaired by Champion under the terms of the express warranty. A new trial was later granted for the limited purpose of reargument and a new judgment was subsequently signed granting the same relief as that granted in the previous judgment with the following change. Judgment was rendered on the third party demand in favor of Southwest against Champion for the full amount of the judgment rendered in favor of the plaintiff against Southwest. An appeal was taken by Champion, which appeal has been answered by Southwest.
We predicate our discussion of the issues involved in this case with a brief summary of the trial judge's written reasons for judgment.
The trial judge first found in his written reasons for judgment that First National Bank of Crowley was the holder in due course of the note, and as such should recover the amount remaining due on the note. The trial judge noted that the plaintiff, his wife and several friends, as well as some of the workmen who had worked on the trailer, went into great detail in their trial testimony as to various defects which were present. From their testimony the trial judge concluded that several of the items complained of in the plaintiff's petition, such as the light switches, bathroom fixtures and water heater, had been fixed and were presently no problem. The main defects complained of which were the subject of his decision was the leaking of various windows and doors in the mobile home and the improper functioning of the heater. He noted that the leaking around the different windows was proved by the testimony of various witnesses, who had testified that they had seen the leaks and the damage that was being done by the leaks. These leaks apparently occurred on that side of the mobile home from which the wind was blowing. A number of attempts were made by the defendants to correct the leakage. They put on new roofing compound on the entire roof and pulled the windows out of their frames, caulked them, and replaced them. The court found as a matter of fact that all of these efforts were unsuccessful and that the home still leaked. On the request of all the parties, the court, the attorneys and the parties went to view the home one morning after a rather heavy rain. Inspection of the home by the trial judge revealed moisture in a back bedroom and considerable moisture around other windows in the home. The court noted that the mobile home in question was a 980 square foot home which included appliances, furniture, carpeting and drapes. The total cost before financing was $7,195.00 and, therefore, the plaintiff received much more square footage per dollar than he would have received had he purchased a conventional home. The trial judge stated that he did not feel that the plaintiff should expect from a mobile home at this price the same quality living area which he would obtain from a conventional home. However, considering the amount of repair work which had to be done and the fact that there were still problems with the windows leaking and the heating unit not functioning properly, the trial judge felt that these imperfections rendered the mobile home so inconvenient that the plaintiff would not have purchased it had he known of these defects. Further, the court felt that the defects existed before the sale and that they could not have been discovered except by living in the mobile *784 home. The court felt that the plaintiff was entitled to the purchase price of the home, the finance charges and the sum he paid for the sales tax, license, title certificate and official fees.
Appellant Champion alleges as error the finding that there was a redhibitory vice in the mobile home, and, alternatively, in finding such vice existed at the time of the sale. The argument with respect to the existence of the redhibitory vice is basically that, although there may have been some water leakage around the windows in the mobile home, the leakage was not sufficient to meet the requirement that the vice render the article either absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the purchaser would not have purchased it had he known of the vice. It is argued that the plaintiff produced only friends, neighbors and relatives who were in the mobile home on one occasion or another and who testified they observed moisture in the home. The appellant points out that the plaintiff produced as an expert witness Mitch Meaux who testified regarding the condition of the mobile home and the evidence of water leakage that he observed when he inspected the mobile home several days prior to the trial. Appellant urges that the testimony of Mr. Meaux reveals that in his inspection he saw no evidence of any water leaks even though the mobile home had not been lived in in almost a year and had for the preceding six months been sitting unlocked and unattended in a mobile home lot in Lafayette.
The testimony of the other witnesses called by the plaintiff and the inspection of the mobile home by the judge revealed that there were leaks around certain windows in the mobile home. Careful evaluation of all the testimony and his personal inspection of the mobile home resulted in the trial judge finding that there was sufficient leakage to render the mobile home so inconvenient that it must be presumed that the plaintiff would not have purchased it had he known of these defects. There was evidence before the trial judge which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for his findings and conclusions. There has been no showing of manifest error; therefore, we will not disturb his findings. See Canter v. Koehring, 283 So.2d 716 (La.1973).
The alternative argument of the appellant is that the vice did not exist at the time of the sale. It is argued that the testimony of the plaintiff and his wife indicated that the leaks were first noticed approximately four to six weeks after the purchase of the mobile home. It is argued that the Civil Code requires that the vice appear within three days immediately following the sale before a presumption arises that the vice existed before the sale. Although this presumption cannot be applied in the present case because the vice did not appear within the requisite time, our reading of the record indicates that there is sufficient evidence in the record for the judge to make the determination that the vice did in fact exist prior to the sale. The appellant argues that the re-leveling of the mobile home after it was placed on the plaintiff's property was the most probable cause of the leaks. However, this evidence was before the trial judge when he made his determination as to the existence of the leaks prior to the sale. We find no manifest error in his determination on this point.
The appellant further alleges error on the part of the trial court in granting the third party demand of Southwest in that the trial court failed to recognize that as between Champion and Southwest the applicable warranty was the express warranty entered into between the two parties when Champion sold the mobile home to Southwest, which warranty limited the right of recovery of Southwest against Champion to repairs to the mobile home. In his original judgment the trial judge found that the warranty entered into between the parties was controlling and that waived the implied warranties contained *785 in the Civil Code. A new trial was granted for reargument on this point. Subsequently the trial judge found that Southwest should be allowed to recover in redhibition against Champion, and granted judgment accordingly.
The appellant argues that an express manufacturer's warranty provided the only relief for Southwest against Champion and that this constituted a waiver of the implied warranties contained in the Civil Code. The burden of proving the waiver of an implied warranty under the Civil Code is on the vendor, Champion. Southwest argues that there was no express plea of waiver in the pleadings and that this affirmative defense cannot now be asserted by Champion. Champion argues that the manufacturer's warranty was introduced into evidence without any objection and that as a result the issue of the waiver of the implied warranty is before the court. We find merit to this argument and hold that the pleadings were expanded by the introduction of the manufacturer's warranty to include this issue. Code of Civil Procedure Article 1154. However, Southwest argues that the manufacturer's warranty was only applicable as between the manufacturer and the ultimate purchaser-consumer, and was not applicable to the distributor. To support this argument it is noted by Southwest that a copy of the warranty is prepared only for the owner of the home and for the manufacturer, and that the dealer is not supplied with a copy of this special warranty. This evidence before the court was sufficient to support the trial judge's conclusion that there had been no waiver on the part of Southwest of the implied warranties contained in the Civil Code. Therefore, we find no error on the part of the trial judge in granting Southwest the relief granted to it on its third party demand against Champion.
An answer to the appeal was filed by Southwest alleging error on the part of the trial court in four respects. Two of those specifications of error have subsequently been abandoned by Southwest. The first specification of error not abandoned involves the trial judge's assessment of one-half of the court costs against Southwest and Champion. It is argued by Southwest that it should not have been assessed with one-half of the court costs along with Champion. The broad authority granted to the trial judge under Code of Civil Procedure Article 1920 does not mean that there are no guidelines to govern the taxing of costs. Greenburg v. Fourroux, 300 So.2d 641 (La.App. 3rd Cir. 1974); Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir. 1967). In Greenburg the trial judge rendered judgment in favor of the plaintiff, but divided court costs between the plaintiff and defendant. This court reversed and found error on the part of the trial judge in assessing the winning party with part of the court costs. In the present suit ultimate liability is placed upon Champion, the manufacturer of the defective mobile home, and this party should bear the costs of this litigation.
The other specification of error involves the refusal of the trial judge to allow Southwest attorney's fees and damages in accordance with the provisions of Civil Code Article 2545. That article purports to provide for the assessment of reasonable attorney's fees and damages against the seller who is in bad faith:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorney's fees, is answerable to the buyer in damages."
Champion argues that no assessment of damages or attorney's fees was made by the trial judge in this case in favor of Southwest because the trial judge found the manufacturer to be in good faith, and therefore not within the purview of Civil Code Article 2545. However, the jurisprudence provides that the manufacturer is presumed to know of the defects of the thing which he manufactures and is therefore in bad faith. Rey v. Cuccia, 298 So. *786 2d 840 (La.1974); Radalec, Inc. v. Automatic Firing Corp., 228 La. 116, 81 So.2d 830 (1955). Although Southwest seeks no damages from Champion, it does seek reasonable attorney's fees incurred in conjunction with the trial of this action, to which we feel it is entitled. Ordinarily we would remand the case to the trial court for a determination of reasonable attorney's fees. But we find sufficient evidence in the record from which we can fix these fees without remanding the case. An award of $1,600.00 is considered reasonable.
For the reasons assigned, the judgment of the trial court is affirmed in all respects, except with reference to the assessment of court costs and the denial of the request for attorney's fees on the part of the third party plaintiff, Southwest Mobile Homes, Inc. We reverse to assess all court costs against Champion Home Builders Company and to assess attorney's fees in the amount of $1,600.00 in favor of Southwest Mobile Homes, Inc. and against Champion Home Builders Company.
Affirmed in part, reversed in part and rendered.

ON APPLICATION FOR REHEARING
PER CURIAM.
In its application for rehearing appellant, Champion Home Builders Company, has asked that this court clarify its modification of the assessment of court costs which were imposed by the trial judge.
Court costs were assessed by the trial judge in the following manner: one-half of the court costs were assessed against the plaintiff, Nelson J. Gonzales, and one-half of the court costs assessed against Southwest Mobile Homes, Inc., and Champion Home Builders Company. Southwest answered the appeal of Champion and asked, among other things, for a modification of the judgment imposing one-half of the costs on Champion alone and not on both Champion and Southwest. The plaintiff did not appeal the judgment against him for one-half of the court costs. Nor was an answer to the appeal filed by the plaintiff. Since the plaintiff neglected to appeal or answer the appeal, the question of the assessment of court costs against him is not before us.
The judgment of the trial court with respect to the assessment of costs is not modified as to the assessment against the plaintiff of one-half of the court costs. The judgment assessing the other one-half of the court costs against Champion Home Builders Company and Southwest Mobile Homes, Inc., is modified to relieve Southwest Mobile Homes, Inc., from any liability for court costs, and to impose that half of the court costs on Champion Home Builders Company. With this explanation the application for rehearing is denied.
Application for rehearing denied.