346 So.2d 1379 (1977)
CUSTOM METAL & AIR CONDITIONING COMPANY, Plaintiff-Appellee,
v.
Raymie BOUDREAUX, Defendant-Appellant.
No. 5918.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1977.
Rehearing Denied June 24, 1977.
Hunt, Godwin, Painter & Roddy, by Fred R. Godwin and Thomas L. Lorenzi, Lake Charles, for defendant-appellant.
Anthony (A. J.) Fazzio, Lake Charles, for plaintiff-appellee.
Before HOOD, FORET and HEARD, JJ.
FORET, Judge.
On September 4, 1975, plaintiff-appellee, Custom Metal & Air Conditioning Company, filed suit on open account against defendant-appellant, Raymie Boudreaux. Boudreaux answered same and raised the affirmative defense of failure of consideration and reconvened, and based upon a redhibitory cause of action, prayed for rescission of the sale and for return of the purchase price. From judgment in favor of Custom and against Boudreaux, rejecting his reconventional demand, defendant-appellant appeals.
On trial on the merits, the testimony established that: Custom entered into an agreement with Boudreaux whereby it would inspect the latter's place of business in Holly Beach and make a proposal as to the number and type of air conditioning *1380 units necessary to cool the place; Custom proposed that three air conditioning units be installed, which proposal Boudreaux modified by reducing to two the number of units to be installed; two units were installed by Custom; the air condition ducts "sweated"; plaintiff-appellee repaired them; quite often the multibreakers shut off; the air conditioners did not operate continuously, and defendant-appellant's place of business was not kept cool. An electrician-serviceman, Jesse Hoffpauir, testified that if a breaker problem existed, it was not due to a defect in the air conditioning units, but rather to a defect in the electrical connections and wiring of the building.
To maintain an action of redhibition, a vendee must prove that the vendor sold the thing to him; that the thing contained a hidden vice not apparent from ordinary inspection, which subsequently rendered the object sold useless and unfit for use such that vendee would not have purchased it had he known of the defect; that the defect existed as of the date of the sale, and that the vendor did not advise vendee of such defect. The burden of establishing that cause of action may be, as in most other causes of action, proved by direct and/or circumstantial evidence. The vendee is not required to negate all possible causes in order to succeed in such an action. If the circumstantial evidence excludes other reasonable hypotheses with a fair amount of certainty, he has borne his burden of proof. LSA-C.C. Art. 2520; Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975); Reiners v. Stran-Steel Corp., 317 So.2d 657 (La. App. 3 Cir. 1975), writ denied La., 320 So.2d 914; Womack and Adcock v. 3M Business Products Sales, Inc., 316 So.3d 795 (La.App. 1 Cir. 1975).
In this case, plaintiff-in-reconvention Boudreaux has not borne the burden of establishing a redhibitory cause of action. No direct evidence of a defect in the thing soldthe air conditioning units and applianceswas shown. Rather than excluding other reasonable hypotheses, the circumstantial evidence presented at trial tended to establish that a defect in the electrical components of Boudreaux's place of business existed, and that same was the cause of the lack of continuous operation of the air conditioning units sold.
We are of the opinion that the trial court correctly analyzed the facts and the applicable law. Accordingly the judgment appealed from is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.