375 So.2d 133 (1979)
Jacyntha L. RICHE, Plaintiff-Appellee,
v.
KRESTVIEW MOBILE HOMES, INC. and Redman Industries, Inc., Defendants-Appellants.
No. 7021.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1979.
Rehearing Denied September 4, 1979.
*135 Stafford, Randow, O'Neal & Smith, Larry A. Stewart, Gold, Little, Simon, Weems & Bruser, Larry Feldman, Jr., Alexandria, for defendant-appellant-appellee.
Don R. Wilson, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
DOMENGEAUX, Judge.
This is a redhibitory action in which plaintiff, Jacyntha L. Riche, the purchaser of a mobile home, seeks recovery against both the vendor and manufacturer of the mobile home.
The facts of this case may be stated as follows: On May 26, 1977, plaintiff purchased a mobile home from Krestview Mobile Homes, Inc., hereinafter referred to as Krestview, in Alexandria, Louisiana. The mobile home had been manufactured by Redman Industries, Inc., hereinafter referred to as Redman, of Dallas, Texas, and was sold to Krestview approximately one year prior to plaintiff's purchase. The purchase price was $11,346.00 and this sum was financed by Krestview, who assigned a note and mortgage to the CIT Financial Corporation. The home was delivered to plaintiff's lot near Cottonport, Louisiana, by George Pias, a salesman and employee of Krestview.
Shortly after the delivery of the home, Mrs. Riche encountered difficulty with the sewerage disposal system. She contacted Mr. Pias, and this problem was repaired to plaintiff's satisfaction by Krestview. Thereafter, on August 25, 1977, plaintiff again reported to Krestview certain problems which she was experiencing with the mobile home, specifically, leaks from the bathroom vents, improper closure of windows, and defects in the kitchen cabinets of the unit. Krestview notified Redman, which in turn sent out a local repairman, Sam Bollinger, to inspect and repair the home. These repairs were completed around September 3, 1977. According to Mr. Bollinger, after the repairs were effected, there remained nothing significantly wrong with the mobile home.
Some time after Mr. Bollinger's visit, plaintiff had additional problems with her home. This was primarily due to the existence of a leak under the floor of the master bedroom. Plaintiff testified that, despite numerous attempts to contact Krestview in order to inform them of this problem, she received no satisfaction until she spoke with the new manager of Krestview, Mr. Brenton Gates, on December 6, 1977. Mr. Gates immediately notified Redman of plaintiff's complaints. Redman asserts that it gave Mr. Gates full authority to repair the home. The evidence indicates that Mr. Gates did subsequently contact plaintiff in order to ask her if the unit could be inspected. However, at that late stage, Mrs. Riche refused to comply, apparently deciding to refer the matter to her attorney.
As a consequence of the many problems experienced by plaintiff with her mobile home, suit in redhibition was filed on January 4, 1978, seeking rescission of the sale of the mobile home, return of the purchase price, damages, and attorney's fees, against both Krestview and Redman. On April 13, 1978, Redman, the manufacturer, filed a *136 third party demand against Krestview, the seller, for contribution or indemnity of any amounts which it might be liable to pay to plaintiff. On April 14, 1978, Krestview filed a third party demand against Redman for any amounts which it might be liable to pay to plaintiff. On August 22, 1978, Krestview filed a supplemental and amending third party demand, in which it also sought attorney's fees against the manufacturer, Redman.
After trial, the district judge awarded the return of the purchase price, together with all incidental expenses to the plaintiff against Krestview and Redman, in solido. Additionally, the trial judge found Redman liable for $400.00 of rental fees paid by plaintiff for a substitute home, and $1,000.00 for the embarrassment and inconvenience suffered by her because of the redhibitory defects. Redman was also assessed for attorney's fees in favor of plaintiff in the amount of $3,500.00. The trial judge awarded Krestview judgment on its third party demand against Redman for the amount which Krestview had to pay to plaintiff, and also included an award of $3,000.00 attorney's fees on behalf of Krestview against Redman. The trial judge rejected entirely the third party demand filed by Redman against Krestview. All costs were assessed against the manufacturer, Redman.
From this judgment, both Redman, the manufacturer, and Krestview, the seller, appeal. In addition, Krestview answers the appeal of Redman, seeking an increase in attorney's fees for services required on appeal; and plaintiff answers the appeals of both Redman and Krestview, seeking an increase in attorney's fees for services rendered on appeal, as well as an increase in damages.
On appeal, both Krestview and Redman contend that the evidence introduced into the record fails to support the trial court's award in redhibition to the plaintiff. Furthermore, defendant Redman, asserts that the trial court improperly granted Krestview's third party demand, for the reason that Krestview was in breach of a contract effective between the parties as to their respective liabilities. Redman seeks to recover damages on appeal for Krestview's alleged breach of contract. Additionally, Redman argues that the trial court erred in awarding plaintiff $1,000.00 in non-pecuniary damages for embarrassment and inconvenience. Finally, as indicated above, both Krestview and plaintiff contend that they are entitled to increased attorney's fees on appeal; and plaintiff seeks to recover additional damages from Redman for her rental payments necessitated by the defects existing in the mobile home.
The trial judge, in his written reasons, stated the following:
"The court heard a lot of evidence on the part of the interested parties. The court has considered all this evidence very carefully. It is of the opinion that the great preponderance of the evidence support the allegations of Plaintiff that the mobile home she purchased had many substantial hidden redhibitory vices in it, and that if she had known of such or been made aware of same, she would never have purchased it. She tried, according to her testimony, to get the defects and vices fixed by her vendor. So, many times, she was unable to get telephone responses at the vendor's office. She finally employed counsel, who made demands for a rescission of the sale in December of 1977. This was refused by the vendor and suit to rescind was filed on January 4, 1978, by her attorney. While she continued to occupy the mobile home with her children, until July of 1978, she had to move out because of rotting floors, holes in the floor, and dangers in occupancy that became obvious. So, she and her children abandoned the trailer home and rented a frame house.
At the time of trial, a Mr. L. O. Ferguson, who was in the mobile home business for years, testified that it would cost $1800.00 to $2000.00 to repair the trailer to the condition it was supposed to be, for the occupancy intended. And, one of defendant's experts, who is employed by Redman, testified it would cost at least *137 $1,500.00. So, unquestionably, the vices complained of were and are substantial, and the court believes and holds she is entitled to rescind the sale and to collect damages as well as recover the purchase price she paid for same."
We are unable to find any error in the judgment of the trial court by allowing rescission.
A redhibitory defect sufficient to entitle a buyer to annul a sale is a defect in the item sold which renders it absolutely useless, or makes the use of the item so inconvenient or imperfect that it must be supposed that had the buyer known of the vice he would not have purchased the item. La.C.C. art. 2520. Additionally, it must be established that the defects existed at the time of purchase, but were neither known nor apparent to the purchaser, and that the seller could not, or would not, correct the defects when given the opportunity to do so. La.C.C. arts. 2530, 2531. Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir. 1976).
The plaintiff's burden of proof in an action in redhibition is discharged by establishing the existence of a defect in the item at the time of sale by either direct or circumstantial evidence. Moreno's, Inc. v. Lake Charles Catholic High Schools, Inc., 315 So.2d 660 (La.1975). The buyer need not negate all other possible causes of the defect as long as the circumstantial evidence excludes all other reasonable hypotheses with a fair amount of certainty. Rey v. Cuccia, 298 So.2d 840 (La.1974); Custom Metal & Air Conditioning Company v. Boudreaux, 346 So.2d 1379 (La.App. 3rd Cir. 1977).
In this case, the plaintiff established that she purchased the mobile home with no apparent visible or known defects. It was not until some three months after the purchase of the home that the existing defects began to become observable. In its examination of the record, this court can come to no conclusion other than that these defects existed at the time of sale. There was no evidence to seriously support Redman's theory that the damage occurred in transportation of the home to plaintiff's lot, or that there was some other event or activity which could reasonably have caused or created the numerous and serious defects found to exist within the home. Therefore, plaintiff has sustained her burden of proof and the trial court properly found that these vices constituted redhibitory defects under Louisiana Law sufficient to justify a rescission.
Defendants contend that they were not afforded an opportunity to repair the damaged unit. In certain instances, a tender for repair is required before a suit in redhibition can be instituted. La.C.C. art. 2531. Wiltz v. Dixie Auto Sales, Inc., 315 So.2d 811 (La.App. 3rd Cir. 1975). However, in actions brought against a manufacturer, the tender or opportunity to repair is unnecessary as a prerequisite to the action for redhibition. Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1978). In any event, the evidence herein establishes that plaintiff made repeated attempts to contact Krestview to inform them of the defects in question. Redman sent out one crew to effect repairs, which apparently were not 100% satisfactory. Plaintiff's failure to tender the home for repairs in December does not defeat her right to recover in redhibition where she continuously attempted to contact defendants without success prior to that month for the purpose of affording defendants an opportunity to repair.
The evidence in this case indicates that the defects in the home at the time of sale were of such a nature as not to be observable by ordinary inspection without actually taking the unit apart and inspecting each individual component. As such, Krestview was a good faith seller bound only to restore the purchase price and corresponding expenses of the sale. La.C.C. art. 2531; Smith v. Max Thieme Chevrolet Company, Inc., 315 So.2d 82 (La.App. 2nd Cir. 1975). However, unlike Krestview, Redman, the manufacturer, is presumed to know of the defects in the thing made by it, and consequently, it is liable to the purchaser *138 additionally for damages occasioned by such defects and attorney's fees. La.C.C. art. 2545; Reeves v. Great Atlantic & Pacific Tea Company, Inc., 370 So.2d 202 (La. App. 3rd Cir. 1979); Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975), writ denied 313 So.2d 239 (La.1975). Similarly, because Krestview was in good faith, it is entitled to be indemnified by Redman, for the redhibitory claim asserted by the plaintiff against Krestview, irrespective of any contractual agreements or limitations between the manufacturer and seller designed to limit Krestview's liability. La.C.C. art. 2531; Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La. App. 1st Cir. 1973). Furthermore, in such third party actions, recovery of attorney's fees by the seller against the manufacturer is permissible. Porche v. Robinson Brothers, Inc., 349 So.2d 975 (La.App. 1st Cir. 1977), writ denied 351 So.2d 171 (La.1977); Gonzales v. Southwest Mobile Homes, Inc., supra.
With regard to the contractual limitations of liability between the manufacturer and seller, Krestview urges that it was error for the trial judge to permit the introduction into evidence of certain contractual agreements purportedly existing between it and Redman. Inasmuch as the trial court awarded judgment to Krestview on its third party demand, and we are affirming that action, it is unnecessary for this court to address the propriety of the trial court's action in this regard. Redman's contentions with reference to Krestview's obligation to repair is dismissed.
Plaintiff's request for an increase in the amount awarded for damages is without merit because we feel that the trial court's award restores the parties to the same situations as existed prior to the sale. Merely because the plaintiff must continue to make monthly rental payments for housing in order to replace that provided by the mobile home, does not allow her to recover this amount from Redman once the redhibitory action has been granted.
With regard to the $1,000.00 awarded to plaintiff for embarrassment and inconvenience, Redman argues on appeal that non-pecuniary damages are not recoverable in a redhibitory action where the contract of sale of the defective item does not have as its principal object "intellectual enjoyment." We agree. It is well settled that the law of Louisiana does not permit an award of non-pecuniary damages in the absence of a showing that some intellectual enjoyment was the principal cause of the purchase. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976); Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La. App. 3rd Cir. 1979); Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., 368 So.2d 747 (La.App. 3rd Cir. 1979). The plaintiff herein has failed to establish that any such intellectual enjoyment was the principal cause of the purchase of her mobile home. Therefore, we conclude that plaintiff is not entitled to recover the $1,000.00 awarded for embarrassment and inconvenience, and we will amend the judgment in order to delete such an award.
The final matter in this case deals with the request of plaintiff and Krestview to increase the amount of attorney's fees awarded for services rendered on appeal.
An increase in attorney's fees for services rendered on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and when the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. In this case, however, plaintiff and Krestview are not only protecting their rights on appeal, but they have sought additional relief denied at the trial level and denied on appeal. Plaintiff sought an increase in damages; Krestview sought a reversal of the judgment rendered in favor of plaintiff. Under these circumstances, we find that additional attorney's fees for services rendered on appeal are not warranted. Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3rd Cir. 1979); *139 Reeves v. Great Atlantic & Pacific Tea Company, supra.
For the above reasons, we amend the judgment of the District Court in order to reduce the sum awarded to plaintiff, Jacyntha L. Riche, and against the defendant, Redman Industries, Inc., for damages from the amount of $1,400.00 to the amount of $400.00. In all other respects the judgment of the District Court is affirmed. Costs on appeal are assessed equally, one-third to Jacyntha L. Riche, one-third to Krestview Mobile Homes, Inc., and one-third to Redman Industries, Inc.
AFFIRMED, AS AMENDED.