KNOLL, Judge.
Danny W. Lumpkin, Sr. and his wife, Winston Elaine Lumpkin, purchased a new 1981 River Bend mobile home from Steven’s Homes of Leesville, Inc. on December 17, 1980. Mays Industries, Inc. was the manufacturer and Steven’s was the seller who delivered the mobile home from Lees-ville to the Lumpkin property in Natchi-toches Parish. One week after the home was set-up the Lumpkins moved into the mobile home with their three children.
At the time of sale the mobile home had two torn exterior metal panels and leak spots on the ceiling which the dealer agreed to fix. The two exterior metal panels were replaced and caulking was applied to the roof. After moving into the mobile home, plaintiffs discovered: two cracked windows; scratched inside paneling; a water leak near the dishwasher; buckled flooring in the kitchen and dining room; interior doors which would not shut; roof leaks; and an inability to level the mobile home.
Steven’s sent Milton Knickerbocker to replace the two metal exterior panels and to check the dishwasher for leaks. He found no leak at the dishwasher. He did, however, find the bedroom door out of plumb and he was unable to level the mobile home.
Mays sent a work crew on May 16, 1981 to repair the mobile home. They replaced the kitchen subfloor which had gotten wet, repaired the dishwasher, and overlaid new paneling in some parts of the mobile home.
Steven’s then sent a repairman to plaintiffs’ home to repair a leak which developed beneath the kitchen sink. The leak was fixed but a hole had to be cut out under the floor to allow the insulation to dry. As of trial the hole had not been closed.
Plaintiffs initiated this suit on July 16, 1981 against the seller, Steven’s Homes of Leesville, Inc. and the manufacturer, Mays Industries, Inc., seeking to have the sale set aside, a money judgment of $41,275.46, and attorney fees of $5,500. Each defendant brought a third party demand against the other.
The trial court rendered judgment in plaintiffs’ favor rescinding the sale and casting the defendants in solido for $41,-275.46. The defendant, Mays Industries, Inc., was cast with attorney fees to the plaintiffs’ in the sum of $2,500.
Mays’ third party demand against Steven’s was dismissed. Judgment was rendered in favor of Steven’s on its third party demand against Mays for the amount which Steven’s was cast in judgment on the main demand less the sum of $75 for repairing the cracked windows.
The defendants have appealed specifying that the trial court erred in awarding a full rescission of the sale. Additionally, Mays has alleged that the trial court erred:
(1) In finding that the defects were caused by the manufacturer; and
(2) In finding that the defects were not caused by the set-up procedure of Steven’s.
Further, Steven’s alleges that the trial court erred in not awarding its demand for attorney fees against Mays.
RESCISSION OF-SALE
Defendants contend that the trial court should have granted plaintiffs a reduction in the sale price rather than a complete *408 rescission of the sale and a return of the full purchase price.
Relevant to this issue are the following articles of the Louisiana Civil Code:

“Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”

“Art. 254-1. Whether the defect in the thing sold be such as to render it useless and altogether unsuited to its purpose, or whether it be such as merely to diminish the value, the buyer may limit his demand to the reduction of the price.”

Ss * * # ⅜ ⅛
“Art. 2543. The purchaser who has contented himself with demanding a reduction of the price, can not after-wards maintain the redhibitory action. But in a redhibitory suit, the judge may decree merely a reduction of the price. ”
Plaintiffs instituted an action only in red-hibition and did not plead alternatively for a reduction of the sales price. Nonetheless, under LSA-C.C. Art. 2543 the trial judge had the authority to limit plaintiffs’ recovery to a reduction in price if the evidence had warranted the lesser remedy. Defendants argue that the defects in plaintiffs’ mobile home are not serious enough to render the mobile home “either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. Art. 2520. Defendant Mays cites two cases, Cernigliaro v. Marquis Marine, Inc., 381 So.2d 886 (La.App. 2nd Cir.1980) and Ingersoll v. Star Chrysler, Inc., 234 So.2d 85 (La.App. 4th Cir.1970), writ denied 256 La. 366, 236 So.2d 499 (1970), for the proposition that if the evidence establishes only a partial failure of consideration the trial court has the power and the duty to decree a reduction of the purchase price.
The cases cited by Mays involve a boat and an automobile. We conclude that Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir.1975), writ denied 313 So.2d 239 (La.1975) is more applicable to the case at hand. As in Gonzales the purchasers of this mobile home discovered serious defects in the home shortly after taking occupancy, including water leakage. In both cases water leakage continued even after several attempts had been made to correct it.
This court stated in Gonzales:
“The testimony of the other witnesses called by the plaintiff and the inspection of the mobile home by the judge revealed that there were leaks around certain windows in the mobile home. Careful evaluation of all the testimony and his personal inspection of the mobile home resulted in the trial judge finding that there was sufficient leakage to render the mobile home so inconvenient that it must be presumed that the plaintiff would not have purchased it had he known of these defects. There was evidence before the trial judge which, upon its reasonable evaluation of credibility, furnished a reasonable factual basis for his findings and conclusions. There has been no showing of manifest error; therefore, we will not disturb his findings. See Canter v. Koehring, 283 So.2d 716 (La.1973). ”
See also: Musemeche v. G & J Mobile Home Ser. & Supplies, 425 So.2d 791 (La.App. 3rd Cir.1982); Dougherty v. Petrere, 240 La. 287, 123 So.2d 60 (1960).
In the case sub judice the court found the defects to be neither minor nor easily reparable. The trial judge had evidence before it to justify these conclusions, including testimony that the basic box frame of the mobile home had been constructed out of square. Our review of the record does not indicate that these conclusions are clearly wrong. Accordingly, we will not disturb the trial court’s judgment *409 on appeal. Canter, supra; and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
CAUSES OF THE DEFECT
Defendant Mays contends that if there are redhibitory defects in plaintiffs’ mobile home, they were the result of the set-up procedure of the defendant, Steven’s.
The evidence shows that after the sale to plaintiffs, Steven’s transported the mobile home to Natchitoches Parish. During the time that Steven’s was attempting to locate the home on plaintiffs’ lot, the mobile home and the trailer truck became mired in the mud. To extricate the mobile home and the truck, a chain was attached to a log skidder and hooked to the spring shackles of the mobile home. When this procedure failed Steven’s lowered the tongue jack of the mobile home on to a piece of plywood and attempted to move the mobile home by pushing the tongue with the skidder. The trial court evaluated the testimony of all the witnesses, including four experts involved in the construction and repair of mobile homes, and determined that the defects were not caused by the set-up procedure, but existed as a result of the manufacturing process. There was evidence before the trial court which furnished a reasonable factual basis for its findings and conclusions. Mays has not shown that the trial court was manifestly erroneous. Therefore we will not disturb its judgment in favor of Steven’s and against Mays on the third party demand for the amount which Steven’s was cast in judgment on the main demand. LSA-C.C. Art. 2531; Canter, supra; Arceneaux, supra.
ATTORNEY FEES
The final specification of error involves the refusal of the trial judge to allow Steven’s attorney fees against Mays.
The jurisprudence provides that the manufacturer is presumed to know of the defects of the thing which he manufacturers and is therefore in bad faith. Rey v. Cuccia, 298 So.2d 840 (La.1974); Riche v. Krestview Mobile Homes Inc., 375 So.2d 133 (La.App. 3rd Cir.1979); Gonzales, supra. Steven’s seeks reasonable attorney fees from Mays which we feel is justified. Riche, supra; Gonzales, supra. We find the record of this case supports an award of $2,000 attorney fees.
For the foregoing reasons, the judgment of the trial court is affirmed in all respects except as to the denial of the request by Steven’s for attorney fees. We reverse only to assess attorney fees in the amount of $2,000 in favor of Steven’s Homes of Leesville, Inc. and against Mays Industries, Inc.
Costs are cast equally between the defendants, Steven’s Homes of Leesville, Inc. and Mays Industries, Inc.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.