DOMENGEAUX, Judge.
Plaintiffs, Larry J. Doughty and Velda S. Doughty, brought this action seeking judgment against Luther L. Rainey and Louise Rainey for the alleged amount owed in connection with the sale of a used tractor.
The transaction stems from the following sequence of events. In the spring of 1982 the defendants contacted the plaintiffs desiring to purchase a tractor which the plaintiffs owned. The parties reached an agreement concerning the price of the tractor and defendants took possession of it. The defendants used the tractor for approximately three weeks to break and disc their farm land. Finally, plaintiffs told defendants to either return the tractor or pay the agreed upon purchase price. On May 3, 1982, the parties finally completed all of the paper work concerning the transaction and plaintiffs were given a check for the purchase price. The check was sent out of state through banking procedures for collection, however, defendants had stopped payment on the check. Subsequent thereto plaintiffs brought this action to recover the purchase price of the tractor. After hearing, the trial court awarded the plaintiffs the sum of $14,000.00, i.e., the purchase price of the tractor, and rejected the defendants’ claim of redhibition. Defendants appeal.
A redhibitory defect sufficient to entitle a buyer to annul a sale is a defect in the item sold which renders it absolutely useless, or makes the use of the item so inconvenient or imperfect that it must be supposed that had the buyer known of the vice he would not have purchased the item. La.C.C. Art. 2520. Additionally, it must be established that the defects existed at the time of the purchase, but were neither known nor apparent to the purchaser, and that the seller could not or would not correct the defects when given the opportunity to do so. La.C.C. Arts. 2530, 2531; Purvis v. Statewide Trailer Sales, Inc., 339 So.2d 403 (La.App. 1st Cir.1976).
The plaintiffs burden of proof in an action in redhibition is discharged by establishing the existence of a defect in the item at the time of the sale by either direct or circumstantial evidence. Moreno’s, Inc. v. Lake Charles Catholic High Schools, Inc. 315 So.2d 660 (La.1975). The buyer need not negate all other possible causes of the defect as long as the circumstantial evidence excludes all other reasonable hypothesis with a fair amount of certainty. Rey v. Cuccia, 298 So.2d 840 (La.1974); Custom Metal and Air Conditioning Company v. Boudreaux, 346 So.2d 1379 (La.App. 3rd Cir.1977).
We hold that the trial judge was correct in refusing to annul the sale of the tractor. The alleged “defect” in the tractor was known to the purchaser and thus the defendants’ claim in redhibition was unfounded. La.C.C. Arts. 2530 and 2531.
In his reasons for judgment the trial judge, after reviewing and evaluating the conflicting testimony, concluded:
“At the time of the sale Plaintiffs pointed out to the Defendants a number of minor items with respect to the tractor, none of which are of any material importance in this lawsuit. The principal problem concerns the question of the oil leak. The evidence in the case shows that the existence of the oil leak was known to *152 the Defendants prior to the sale. It was only after the Defendants had operated the tractor for a considerable period of time that they became concerned over the possibility of there being water in the oil. After using the tractor ... during heavy field work, Defendants decided that they did not want the tractor and had payment stopped on the check which was issued for the purchase price.
The defect complained of by the Defendants in this case was not hidden and was known to them at the time of the sale. They did not know the exact cause of the alleged defect nor the extent, and even as of the date of the trial none of this was known or proved. The Defendants’ own witness, an expert mechanic, testified that this could be a very minor matter.”
This is a classical situation for the application of the rule that the finding of a trial judge on disputed factual issues which must be resolved by an evaluation of the credibility of the witness’ testimony should not be disturbed by the appellate court unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
We find no error in the trial judge’s conclusion and find it amply supported by law and logical reasoning. The record supports the conclusion that defendants were informed of the oil leak.[1] Their claim in redhibition is thus precluded by La.C.C. Arts. 2530 and 2531. Further defendants are precluded from claiming any relief under the doctrine of redhibition by the provisions of La.C.C. Art. 2521 which provides:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
In view of defendant’s testimony in this regard and as he had ample opportunity to observe the tractor’s condition and operation for three weeks prior to its purchase, the defect is not a redhibitory vice.
There is no contention that the sale of the tractor was not completed under the terms of La.C.C. Art. 2456. The object and the price was agreed upon and the object had been delivered to the purchaser. Defendants’ only defense was their claim of redhibition. Because we have held this defense to be unfounded, the trial court’s judgment enforcing the sale was correct.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. Mr. Doughty testified that during the discussions concerning the sale he told the defendants that the tractor had an oil leak, air conditioner problems, and other minor problems. He further testified that he informed the defendants that he would fix some of the minor problems but specifically would not fix the oil leak.