ALFRED A. MANSOUR, Judge Pro Tem.
Plaintiff appeals from a judgment of the trial court maintaining an exception of prescription and dismissing his suit. We affirm.
On April 15, 1980, plaintiff filed a suit for worker’s compensation benefits resulting from injuries he allegedly suffered in the course and scope of his employment on April 17, 1979. That suit was dismissed without prejudice because plaintiff failed to appear in court on the date of the trial. Plaintiff appealed, and we affirmed. Rochon v. Consolidated Const. Co., 452 So.2d 404 (La.App. 3 Cir.1984).
On July 6, 1984, plaintiff filed another petition for worker’s compensation benefits in the District Court. Defendants excepted *747 to the second petition on the grounds of prescription of one year and peremption of two years. It is from the judgment of the trial court maintaining the exception that this appeal was taken.
We have previously held that when a suit is dismissed without prejudice because of the failure of the plaintiff to appear at the trial, the interruption of prescription resulting from the first suit is canceled. McCallon v. Traveler’s Insurance Company, 302 So.2d 676 (La.App. 3 Cir.1974). Therefore, when Mr. Rochon filed the second suit more than five years after the alleged occurrence of work related injuries, his claim for worker’s compensation benefits had already prescribed. La.R.S. 23:1209.
Appellant argues that pro se litigants should be held to a less stringent standard than lawyers. He cites Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). Those cases are inapplicable to the present case. They hold that in the drafting of pleadings pro se litigants are held to a less stringent standard than are lawyers. The pleadings are not at issue in this case. Plaintiff has filed many pleadings which include petitions, motions, appeals and writ applications in the trial and appellate courts. He was not denied access to the courts because of the inartful drafting of his pleadings, most of which were hand written.
Appellant also relies on a decision of the United States Court of Appeals, Fifth Circuit, West v. State of Louisiana, 478 F.2d 1026 (1973), wherein the court was “unwilling to disregard a violation of petitioner’s constitutional rights solely because he has tripped on a procedural hurdle....” West’s procedural hurdle was that his ha-beas corpus petition did not name as a respondent the warden of the detention center in which he was incarcerated. West’s procedural hurdle was based upon a pleading. In Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3 Cir.1979), we said:
“Nevertheless, although we may not always hold laymen to the same standards of skill and judgment that is required of an attorney, when a layman chooses to appear in propria persona, he assumes all responsibilities for his own inadequacy and lack of knowledge of procedural and substantive law.”
Appellant also contends that this court misled him when we cited La.C.C.P. Article 1673 in our previous decision at 452 So.2d 406; That article provides in part: “A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” While it is true that a dismissal without prejudice does not constitute a bar to another suit on the same cause of action, there are other bars to such suits as, for example, prescription. This court is neither obligated nor inclined to inform any litigant of every conceivable aspect of the procedural and substantive law in the rendering of an opinion. That argument also is without merit.
For the foregoing reasons, the judgment of the District Court is affirmed. All costs in both courts are assessed to plaintiff-appellant.
AFFIRMED.