NORRIS, Judge.
Mid-South Wood Preservers, Inc., Louisiana Home Builders Association Self Insurers Fund and Executive Risk Consultants, Inc. appeal the hearing officer’s judgment in favor of the claimant, Willie Drain, awarding him permanent and partial disability benefits of 50 percent of his wages for 100 weeks and related medical expenses. Finding that Drain’s action for workers’ compensation benefits has prescribed, we reverse and render.

Facts and Procedural History

Drain, an employee of Mid-South, filed a disputed claim for compensation/petition in September 1992, alleging he had suffered creosote burns to his face and neck in a work-related accident on October 15, 1991. Mid-South had not paid compensation or any related medical expenses.
After several delays, the hearing was scheduled for October 15, 1993. Drain, who had not retained counsel since his attorney withdrew two months earlier, failed to appear and the defendants moved to dismiss his claim. On Octpber 18, the hearing officer dismissed the suit without prejudice under Hearing Officer Rule 2139. Drain filed another petition with the Office of Workers’ Compensation on November 2, 1993. Defendants thereafter filed several exceptions, including one of prescription. On June 24, 1994, the day of the hearing, Drain appeared pro se.
By judgment of July 28, 1994, the hearing officer overruled the exception of prescription. She found that Drain was permanently, partially disabled, and awarded benefits of 50 percent of his wages for 100 weeks for the discoloration and disfigurement of his face, head and neck. La.R.S. 23:1221(4)(p). She *633 also awarded all medical expenses for treatment rendered at LSU Medical Center. From this judgment, defendants have appealed. Because we find merit in defendants’ argument that Drain’s action had prescribed, we pretermit consideration of the other assignments of error.

Prescription

Generally, a claimant has one year from the date of the accident to file claims for compensation and medical benefits. La.R.S. 28:1209 A, C. Filing suit within the prescriptive period interrupts prescription. La.C.C. art. 3462. However, interruption is considered never to have occurred if the plaintiff fails to prosecute the suit at trial. La.C.C. art. 3463.
In the instant case, the initial filing interrupted prescription; however, Dram’s failure to appear at the first trial constituted a failure to prosecute the suit within the meaning of C.C. art. 3463, resulting in an involuntary dismissal without prejudice. Howes v. Doucet, 531 So.2d 1151 (La.App. 4th Cir.1988); Rochon v. Consolidated Construction Co., 497 So.2d 746 (La.App. 3d Cir.1986), writ denied 501 So.2d 214 (1987), cert, denied 481 U.S. 1020,107 S.Ct. 1904, 95 L.Ed.2d 510 (1987); McCallon v. Travelers Ins. Co., 302 So.2d 676 (La.App. 3d Cir.1974). In this instance, the interruption of prescription is cancelled; it is as if the interruption never occurred. La.C.C. art. 3463; Howes, supra at 1153. Consequently Drain’s second petition, filed over two years after the accident, was untimely, as his action had prescribed. La.R.S. 23:1209.
While a dismissal without prejudice under La.C.C.P. art. 1672 A for failure to appear does not bar the plaintiff from filing another suit, prescription in some instances will. La.C.C.P. arts. 1673; La.R.S. 23:1209; Rochon, supra. Similarly, although Hearing Officer Rule 2139 provides for dismissal without prejudice for a party’s failure to appear at trial and for reinstatement within 30 days for good cause shown, prescription may bar the reinstatement. Hearing officer rules “shall be consistent with the Worker’s Compensation Law and binding in the administration of that law.” La.R.S.' 23:1310.1 C. Plainly, the reinstatement provision under Rule 2139 cannot abrogate the substantive law of prescription (La.R.S. 23:1209), including the interruption and cancellation of prescription (La.C.C. art. 3463). Moreover, the Rules do not specifically address the situation covered under La.C.C. art. 3463 and at issue here, that is, whether the claimant’s failure to appear at trial cancels the interruption of prescription. According to Rule 2105, “any matter of practice or procedure not delineated herein and not in conflict with either the Workers’ Compensation Act or these rules will be guided by practice and procedures followed in the district courts of this state.” Thus, the statutory law in the Civil Code concerning interruption of prescription applies in this ease.
For the foregoing reasons, we conclude that Drain’s action has prescribed. The judgment of the hearing officer is reversed and judgment rendered dismissing Drain’s action with prejudice. Costs of trial and appeal are assessed to Willie Drain in accordance with La.C.C.P. art 5181 et seq.
REVERSED AND RENDERED.
APPLICATION FOR REHEARING
Before NORRIS, BROWN and WILLIAMS, JJ., and CLARK and SAVOIE, JJ. Pro. Tern.
Rehearing denied.