ELLIS, Judge.
This is a redhibitory action, in which plaintiff Doris Gates Rankin seeks the rescission of the sale of a 1973 Superior Motor Home, with Dodge motor and chassis, together with the return of the purchase price, damages and attorney’s fees. Defendants are Donald D. Blanchard, doing business as Blanchard Trailer Sales, who sold the unit to plaintiff; Sheller-Globe Corporation, Superior Division, the manufacturer of the motor home; and Chrysler Motors Corporation, manufacturer of the motor and chassis. The main demand was *969 dismissed as to Chrysler Motors Corporation on exceptions, by judgment dated October 23, 1974, which judgment is now final. Thereafter Sheller-Globe third-partied both Blanchard and Chrysler Corporation.
After trial on the merits, judgment was rendered in favor of plaintiff and against Blanchard for $634.14. The suit as against Sheller-Globe was dismissed, as well as Sheller-Globe’s third party demands against Blanchard and Chrysler. From that judgment, only plaintiff has appealed.
The record shows that Mrs. Rankin purchased the motor home from Blanchard on May 5, 1973, for a total price of $18,256.46. In her petition, she details a number of alleged defects which she alleges entitle her to a rescission of the said sale.
The first of these, a broken oil dipstick, was remedied shortly after plaintiff acquired the motor home. The exhaust tail pipe came loose from the muffler at about the same time, and this condition was also satisfactorily remedied.
The locking mechanism and latch of the front door did not operate properly. Plaintiff alleges that this defect was partially remedied, but testified that the door latch still does not function properly. This testimony was not refuted by defendants.
The refrigerator in the unit, which operates off both electricity and butane gas, would not function properly when gas operated while the vehicle was being driven. Blanchard attempted to remedy this condition by installing a “blow-out kit”, but was unsuccessful. Plaintiff testified that she would not have bought the motor home if she had known that this condition existed.
The two roof mounted air conditioning units would not cool the motor home adequately. These two units were operated on current from a 5000 watt Onan generator, which was found to be overheating. Blanchard determined that the generator was not producing sufficient voltage for the air conditioning units to function properly. A baffle was removed from the generator exhaust system, and the generator adjusted.
Blanchard testified that both the air conditioning units and the generator should operate properly as a result thereof. Plaintiff never attempted to operate the air conditioning units thereafter, and was unable to say that the repairs had not been successful. She operated the generator on one occasion, without complaint.
On March 8, 1974, plaintiff was getting ready to take a trip to Arkansas. She took the motor home to Blanchard’s place of business to have a rumbling noise corrected. Blanchard’s employees tightened the alternator belt, which was found to be loose. During the trip, plaintiff noticed that the battery was discharging. She made several stops along the way, but was unable to get help. She testified that she was unable to find an open service station in Shreveport on Friday evening. Eventually, in Ida, Louisiana, the electrical system failed. She abandoned the motor home there, leaving it in the care of a local service station operator. On her return to Baton Rouge, she made formal tender of the motor home to Blanchard and this suit followed.
The evidence shows that the alternator pulley was dented and out of line, which caused the belt to stretch and fail. The alternator stopped functioning and the battery, no longer being charged thereby, eventually went dead.
At the time the motor home was left in Ida, it showed just over 3,000 miles on its odometer. The experts who examined the pulley, testified that a belt would last no more than 300 miles under normal operating conditions. Mr. Thomas, who cared for the motor home during the two years between March 8,1974, and the trial, drove it about 250 miles, and ruined two belts in the process. These experts testified that it was impossible for a belt to have lasted 3,000 miles with the alternator pulley in that condition.
The trial judge concluded that the defect in the pulley could not have existed at the time of the sale, and found that it had been caused by Blanchard’s employees, when they tightened the belt on March 8, 1974. He did not think that the defect in the *970 front door latch and the refrigerator were serious enough to constitute redhibitory defects.
In this court, plaintiff complains of the conclusions of the trial judge in all three respects. The following provisions of the Civil Code are applicable:
“Art. 2520. Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
“Art. 2521. Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
“Art. 2522. The buyer can not institute the redhibitory action, on account of the latent defects which the seller has declared to him before or at the time of the sale. Testimonial proof of this declaration may be received.”
“Art. 2530. The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
A plaintiff in a redhibitory action must show that the defects existed at the time of the sale; that they were not apparent, and that they were of such a nature as to render the thing absolutely useless, or its use so inconvenient and imperfect that it must be supposed that the buyer would not have purchased it had he known of the defect. See Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973).
We think there is ample evidence in the record from which one can reasonably conclude that the defect in the alternator pulley could not have existed at the time of the sale. It therefore cannot constitute a basis for rescission on the grounds of redhi-bition.
Neither do we find any manifest error in the conclusion of the trial judge that the defects in the front door and the refrigerator are sufficiently serious to justify either rescission of the sale or a reduction in the purchase price. With respect to the refrigerator, we note that the owner’s manual warns that, under certain driving conditions, the gas pilot light on the refrigerator will be blown out by the wind, and that the pilot should be checked regularly when driving. Under other conditions of operation, the refrigerator functions properly.
Plaintiff also complains that the amount awarded her is insufficient. The trial judge concluded that Blanchard’s employee had damaged the pulley and awarded plaintiff $122.49 for the cost of repairing it; $11.65 for other costs; and $500.00 for inconvenience, all as a result of the faulty repairs done by Blanchard. Of course, since the trial judge found no redhibitory defects in the motor home, he should have dismissed plaintiff’s suit, because damages arising out of faulty repairs were not alleged as part of the cause of action, nor prayed for by plaintiff. Since no appeal was taken by Mr. Blanchard, the judgment is final as to him, but we do not believe that any increase therein would be appropriate. In any event, there is certainly no abuse of discretion insofar as quantum is concerned.
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.