349 So.2d 975 (1977)
Valmond J. PORCHE
v.
ROBINSON BROTHERS, INC., et al.
No. 11472.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Refused November 4, 1977.
*976 Joseph P. Brantley, IV., Baton Rouge, for plaintiff-appellee Valmond J. Porche.
R. Gray Sexton, Baton Rouge, for defendant and third party plaintiff-appellee Robinson Brothers, Inc.
A. Shelby Easterly, III, Baton Rouge, for defendant and third party defendant-appellant Ford Motor Co.
William N. Faller, Baton Rouge, for third party defendant-appellee General Tire Co.
Before, ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
This is an appeal from a judgment awarding attorney's fees to an automobile dealer from an automobile manufacturer.
The issues on appeal are whether the trial court properly awarded attorney's fees to Robinson Brothers on their third party demand against Ford Motor Company, and if so, was the amount awarded adequate.
We amend and affirm.
Plaintiff purchased an automobile, manufactured by Ford Motor Company, from Robinson Brothers, a Lincoln-Mercury dealer. After many difficulties with the vehicle, necessitating a number of repairs, plaintiff returned his vehicle to Robinson Brothers and demanded a return of the purchase price. When no satisfaction was forthcoming, he instituted this action in redhibition.
The trial court rendered judgment in favor of plaintiff and against Robinson Brothers and Ford Motor Company for $1,000.00 as a reduction in the purchase price and against Ford Motor Company for $750.00 in attorney's fees. Judgment was further rendered in favor of Robinson Brothers and against Ford Motor Company for $1,000.00 as indemnity and $750.00 in attorney's fees.
Neither plaintiff or defendants have appealed from the judgment reducing the purchase price and awarding plaintiff attorney's fees, and the judgment awarding Robinson Brothers $1,000.00 as indemnity. The only dispute is over the award of attorney's fees to Robinson Brothers.
*977 The award of attorney's fees to Robinson Brothers was based on LSA-C.C. Article 2545 which states:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Ford Motor Company argues that Robinson Brothers is not a buyer as contemplated under the above article, that the language refers only to the buyer who ultimately institutes the suit in redhibition, and not to an intermediary vendor who buys the car for resale. It contends that the issue is controlled by LSA-C.C. Art. 2531.[1]
We believe this case is controlled by Art. 2545. See Gonzales v. Southwest Mobile Homes, Inc., La.App., 309 So.2d 780 (3rd Cir. 1975) writ refused La., 313 So.2d 239, in which the court awarded reasonable attorney's fees to an intermediate seller on a third party demand against a manufacturer. A manufacturer is presumed to know the defects of the thing he manufactures and is therefore in bad faith and liable for attorney's fees under Article 2545. Rey v. Cuccia, La., 298 So.2d 840 (1974). Article 2531 does not negate or restrict any rights which may be afforded a buyer under Article 2545.
The lower court was well within its range of discretion in granting Robinson Brothers $750.00 in attorney's fees for work done in the lower court. Robinson Brothers has asked for an increase for the work required in this appeal. We believe they are entitled to an additional $500.00. See Heiman v. Insurance Company of State of Pennsylvania, La.App., 270 So.2d 185 (1st Cir. 1972) writ refused La., 271 So.2d 873 (1973).
For the above reasons, the judgment of the trial court is amended to increase the award of attorney's fees to third party plaintiff Robinson Brothers by $500.00. In all other respects the judgment is affirmed. Ford Motor Company is cast with all costs.
AMENDED AND AFFIRMED.
NOTES
[1] Art. 2531. Liability of seller in good faith for restitution of price

"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect."