361 So.2d 1257 (1978)
William F. MULLER
v.
A. K. DURNIN CHRYSLER-PLYMOUTH, INC., et al.
No. 12029.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Rehearing Denied August 31, 1978.
Writ Refused October 20, 1978.
John D. Brady, Baton Rouge, of counsel for plaintiff-appellee William F. Muller.
*1258 Carey J. Guglielmo, Baton Rouge, of counsel for defendant-appellant Chrysler Corporation & Chrysler Motors Corp.
James C. Lopez, Baton Rouge, of counsel for defendant-appellee A. K. Durnin Chrysler-Plymouth, Inc.
Herschel C. Adcock, Baton Rouge, for amicus curiae.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Defendants-appellants, Chrysler Motors Corporation and Chrysler Corporation (hereinafter referred to as "Chrysler"), are appealing the trial court judgment in a redhibition action.
The trial court found in favor of plaintiff-appellee, William F. Muller, granting a $1,000 reduction in the purchase price of a 1975 Plymouth Valiant Brougham, awarding damages of $500 for inconvenience caused the plaintiff, and attorney's fees of $1,000. The $1,000 reduction in price was cast solidarily with A. K. Durnin Chrysler-Plymouth, Inc., defendant-appellee (hereinafter referred to as "Durnin"); but Durnin's third party demand was allowed against Chrysler. The damages awarded for inconvenience and the attorney's fees were cast against Chrysler.
Plaintiff bought a new Plymouth automobile from Durnin, a Chrysler dealer. He took the vehicle to the dealer numerous times for repairs and finally formally tendered it to Durnin as not being fit "for the purpose for which it was intended." The instant suit followed the dealer's refusal to accept the tender.
The specifications of error alleged by Chrysler are that the trial court erred in:
(1) awarding an excessive amount as a reduction of the purchase price,
(2) making an award for inconvenience,
(3) awarding attorney's fees, and
(4) awarding indemnification to Durnin on the third party demand.
The trial judge neither committed manifest error nor abused his discretion in awarding the $1,000 reduction in the purchase price. Absent a showing of manifest error or abuse of discretion, we will not disturb the finding. Canter v. Koehring, 283 So.2d 716 (La.1973), and its progeny.
Counsel for Chrysler has cited in his brief the testimony of Alvin J. Doyle, an expert witness for plaintiff-appellee, where he estimated that the total cost for the repairs would not exceed $500. Doyle's repair estimates were "ball park" figures, according to him, which we believe the trial judge gave weight. The trial judge also took into account other considerations to determine, in his discretion, the amount of the reduction. These included the nature and variety of the repairs and the frequent inconveniences associated therewith. At best, the reduction which a trial judge must decree is a theoretical difference between the purchase price and the price a reasonable buyer and seller would have agreed upon if they had known of the defects. This necessarily required the discretion of the trial judge which we have found he did not abuse.
With regard to the judgment of the trial court which awarded plaintiff the sum of $500 for inconvenience, the decision of the Supreme Court in Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), is dispositive of the matter. This Court has on occasions applied Meador and most recently in Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1977). Accordingly, the award of the trial court in plaintiff's favor on this issue is reversed.
The third specification of error presents the question of whether an award to plaintiff of attorney's fees is recoverable when plaintiff has not shown actual knowledge of the defects on the part of the manufacturer.
Article 2545 of the Louisiana Civil Code provides for attorney's fees if the seller knows the vice of the thing he sells and omits to declare it. The jurisprudence of Louisiana, for over seventy years, has established the presumption that a manufacturer knows the vices of his product and that actual knowledge is not required. See *1259 George v. Shreveport Cotton Oil Company, 114 La. 498, 38 So. 432 (1905). In Rey v. Cuccia, 298 So.2d 840 (La.1974), the Court stated:
"Under the 1968 amendment to Article 2545: `The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.' (Italics ours.) A manufacturer is presumed to know of the defects of the products he sells. * * *" (298 So.2d at 847)
To adequately protect the consumer, access to the courts must be afforded. The purchaser who is successful in a redhibitory action will find his award totally insufficient if the plaintiff is then required to pay attorney's fees for the prosecution of the complaint.
We find no error in the trial court's award to Durnin on the third party demand. Chrysler takes the position that a contract provision between Chrysler and Durnin [1] limiting the implied warranty of fitness was in existence before 1974 and that the 1974 amendment to Article 2531 of the Louisiana Civil Code[2] preventing manufacturers from limiting their liability to sellers in reconvention cannot be made to apply retroactively without impairing the obligation of contract.
Our reading of the warranty between Chrysler and Durnin reveals that the warranties of Chrysler shall be in effect "from time to time." Implicit in this statement is a unilateral establishment of warranties by Chrysler which will change "from time to time" and each change, however minor, will constitute a new warranty agreement. Those warranty agreements issued by Chrysler Corporation after the effective date of the amendment to Article 2531 cannot be in contradiction of the terms of Article 2531.
We find that the sale of the vehicle to Durnin occurred on November 6, 1974, which was subsequent to the effective date of the 1974 amendment to Article 2531 (Acts 1974, No. 673, § 1.) There is a burden of proof upon Chrysler to show that, in view of the declaration to change the warranty from "time to time," there was in existence at the time of the sale a warranty applying to the vehicle which existed prior *1260 to the 1974 amendment. This it did not do. The testimony and exhibits are void of any evidence on current warranties. Absent such a showing, any agreement in contravention of the provisions of Article 2531, as amended, would be invalid. As a consequence, we find that there is no impairment in the obligation of contract to allow Durnin its third party demand.
For the reasons set forth, the judgment of the trial court awarding plaintiff the sum of $500 for inconvenience is reversed and set aside; and in all other respects the judgment is affirmed. Defendants-appellants Chrysler are to bear the costs of this appeal.
REVERSED IN PART AND AFFIRMED IN PART.
NOTES
[1] The warranty provision as contained in Exhibit Chrysler No. 1 states:

"WARRANTY
"Chrysler Corporation's warranty on new Chrysler passenger cars, as in effect from time to time, will be as set forth in CHRYSLER'S Warranty and Policy Procedure Manual. CHRYSLER will supply sufficient copies of Chrysler Corporation's then current warranty to DIRECT DEALER to permit DIRECT DEALER, in accordance with DIRECT DEALER'S obligations under Paragraph 7 of this agreement, to provide a copy to each purchaser from DIRECT DEALER of a new Chrysler passenger car. Such warranty will be the only warranty made or deemed to have been made to any person by either CHRYSLER or Chrysler Corporation applicable to products sold under this agreement; it will be expressly in lieu of any other warranty, expressed or implied, including but not limited to, any implied warranty or merchantability or fitness for a particular purpose; and the remedies set forth in such warranty will be the only remedies available to any person with respect to products sold hereunder. Neither CHRYSLER nor Chrysler Corporation assumes or authorizes any other person to assume for either of them any other obligation or liability in regard to such products."
[2] Article 2531 of the Louisiana Civil Code, as amended, provides:

"The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
"In any case in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect.
"(Amended by Acts 1974, No. 673, § 1.)"