365 So.2d 895 (1978)
Lee CLINKSCALES
v.
SUPERIOR PONTIAC-GMC, INC., et al.
No. 9590.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1978.
*896 Bernard, Micholet & Cassisa, Stephen N. Elliott, Metairie, for plaintiff-appellant.
Ronald S. Ruiz, New Orleans, for defendants-appellees.
Before SAMUEL, LEMMON and GARRISON, JJ.
SAMUEL, Judge.
Plaintiff filed suit against Superior Pontiac-GMC, Inc. seeking rescission of the sale of a 1975 Pontiac Grand Prix automobile based upon the alleged existence of numerous redhibitory defects. Plaintiff later amended the suit to include General Motors Corporation, the manufacturer of the vehicle. She also sought damages and attorney's fees from both defendants. Both defendants answered, denying liability and alleging affirmative defenses, and Superior Pontiac filed a third party demand against General Motors for indemnification.
Following trial on the merits, judgment was rendered in favor of plaintiff and against defendants solidarily for $3,500, and judgment was further rendered in favor of Superior Pontiac against General Motors, granting indemnification.
General Motors has appealed. Plaintiff has answered the appeal, seeking attorney's fees of $1,500. Superior Pontiac did not appeal and the judgment is final as to it.[1]
In this court appellant contends the trial court committed error in rendering judgment in favor of plaintiff solely on the basis of her complaints of latent defects. Relying on the provisions of Civil Code Article 2530, which states:
"The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the *897 sale, it is presumed to have existed before the sale.",
appellant argues plaintiff did not prove the existence of a defect before the sale was made and the presumption set forth in that article is not applicable because she did not offer sufficient proof to establish that the defects appeared within three days of the sale.
Plaintiff encountered numerous problems with the automobile, including leaks, transmission slippage, defective windshield washers, improper motor alignment, defective brakes, a cruise control which failed to disengage when the brakes were applied, an air conditioner which did not adequately cool the vehicle, and other defects. The evidence indicates these defects manifested themselves shortly after plaintiff accepted delivery and continued to appear on a regular basis thereafter. When plaintiff took delivery, the vehicle's engine would not stay running, and she returned it the same day to the defendant dealership. She returned that afternoon to pick up the vehicle, and the next day was obliged to return it for repair of brake problems, which the dealership's service personnel imputed to air in the brake line. On the third day plaintiff testified she went through an intersection without stopping because the brakes did not function, and shortly after that the vehicle leaked during a rain. Approximately two weeks after purchase plaintiff again returned the vehicle because the power steering did not function and she continued to have trouble with her brakes. Approximately six weeks after the purchase, plaintiff still had problems with the steering and brakes, and also complained the air conditioner did not properly cool the vehicle, the front end vibrated at 50 miles per hour, the back glass leaked badly, and water entered the trunk through an opening between the trunk lid and the body.
All of these defects were not supported by Superior's records, and defendants produced testimony which contradicted that offered by plaintiff in an effort to show the vehicle was not defective. Plaintiff's testimony of the defects in some part is based on a diary which she kept. She also introduced the testimony of a mechanic regarding the failure of the cruise control to disengage and the physical possibility that power brakes could fail intermittently while working properly between failures. Plaintiff also introduced lay testimony regarding the failure of her brakes and the inability of the air conditioning system to properly cool the vehicle.
As stated above, defendants produced witnesses which contradicted plaintiff's evidence squarely with regard to many of the more important defects complained of, and presented substantial questions of fact for the trial judge's determination. Our settled law is that a plaintiff need not introduce expert testimony to prove the underlying cause of an alleged malfunction, but need only prove the defect or malfunction existed at the time of the sale.[2] In Mattes v. Heintz,[3] this court said:
". . . The language of LSA-C.C. art. 2530 does not mean that the buyer must prove by eyewitnesses the existence of the vice before the sale, or that such a vice was known to exist. The court may take into consideration such surrounding circumstances as may appear and deduce therefrom the fact of the existence of the vice prior to the sale."
The Supreme Court in Rey v. Cuccia,[4] made the following statements:
"If the defect appears within three days following the sale, it is presumed to have existed before the sale, Article 2537. However, even where the defect appears more than three days after the sale (as here, when it appeared on the second day of use, but ten days after the sale), if it appears soon after the thing is put into use, a reasonable inference may arise, in the absence of other explanation or intervening *898 cause shown, that the defect existed at the time of the sale."
The ultimate question of the existence of redhibitory defect and the amount awarded in quanti minoris are questions of fact for the trial judge which should not be disturbed in the absence of manifest error or abuse of the wide discretion afforded him.[5]
In our view, the trial judge clearly did not abuse his discretion in finding the defects existed at the time of the sale; we also find that, although we may disagree with the amount by which he reduced the purchase price, he did not abuse the wide discretion afforded him; and, accordingly, his decision must stand.[6]
The remaining question for our determination is whether the trial judge committed error by not awarding plaintiff attorney's fees. Civil Code Article 2545 provides for an award of attorney's fees in a redhibitory action if the seller knows the vice of the thing he sells and omits to declare it. The established jurisprudence of Louisiana has created a presumption that a manufacturer knows the vices of his products and that actual knowledge is not required. This presumption is sufficient to impute knowledge to the manufacturer and justify an award of attorney's fees.[7]
In Sokol v. Bob McKinnon Chevrolet, Inc.,[8] the court reiterated the established rule that evidence of the value of an attorney's services is not necessary where the services are rendered under the supervision of the court. In Boudreaux v. Mazda Motors of America, Inc.,[9] this court increased an award of attorney's fees by the trial court to include the services of the attorney on appeal. Because the record is before us and because plaintiff's attorney has rendered services in our presence, we set his fee at $1,000 on the theory that this amount is reasonable under all the circumstances.[10]
For the reasons assigned, the judgment appealed from is amended to grant plaintiff the additional sum of $1,000 against defendant, General Motors Corporation, as a reasonable attorney's fee. As thus amended, and in all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Subsequent to the judgment, plaintiff sold the automobile and admits she is entitled only to relief in quanti minoris and not rescission. See Bendana v. Mossy Motors, Inc., La.App., 347 So.2d 946.
[2] Moreno's, Inc. v. Lake Charles Catholic H. Schs., Inc., La., 315 So.2d 660; Crawford v. Abbott Automobile Company, 157 La. 59, 101 So. 871.
[3] La.App., 69 So.2d 924, at 927.
[4] La., 298 So.2d 840, at 843.
[5] Canter v. Koehring Company, La., 283 So.2d 716; Muller v. A. K. Durnin Chrysler-Plymouth, Inc., La.App., 361 So.2d 1257.
[6] See Muller v. A. K. Durnin Chrysler-Plymouth, Inc., supra, note 5. The trial judge could well have proportioned a part of this award to plaintiff for inconvenience. See Meador v. Toyota of Jefferson, Inc., La., 332 So.2d 433.
[7] Rey v. Cuccia, supra, note 4; George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432; Muller v. A. K. Durnin Chrysler-Plymouth, Inc., supra, note 5.
[8] La.App., 307 So.2d 404.
[9] La.App., 347 So.2d 504.
[10] Muller v. A. K. Durnin Chrysler-Plymouth, Inc., supra, note 5; Porche v. Robinson Bros., Inc., La.App., 349 So.2d 975; Smith v. Max Thieme Chevrolet Company, Inc., La.App., 315 So.2d 82.