371 So.2d 326 (1979)
C. T. BOUDREAUX LUMBER CO. et al.
v.
SHERRWOOD HOMES, INC., et al.
Lionel JOSEPH et al.
v.
SHERRWOOD HOMES, INC., et al.
Nos. 9934, 9935.
Court of Appeal of Louisiana, Fourth Circuit.
May 4, 1979.
*327 Eugene R. Groves, Taylor, Porter, Brooks & Phillips, Baton Rouge, for third-party plaintiffs-appellants Sherrwood Homes, Inc. and The Travelers Indemn. Co.
Robert B. Nolan, Adams & Reese, New Orleans, for third-party defendants-appellees Coleman and Co. and Aetna Cas. and Sur. Co.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
Third-party defendant Coleman and Company manufactured a heater that it sold to third-party plaintiff Shelter Resources Corporation in Natchitoches, Louisiana. Shelter incorporated the heater, as anticipated, into a mobile home that it sold through a dealer to plaintiff Lionel Joseph. The home caught fire and it and an adjacent structure and materials belonging to another plaintiff were heavily damaged. Shelter and Coleman were sued for the damages. There was judgment against Coleman, necessarily on the basis that a defect in the heater caused the fire. A directed verdict dismissed Shelter at the conclusion of plaintiff's case, presumably on a refusal to impute to Shelter knowledge of the heater defect in the mobile home it manufactured. Shelter's complaint on appeal is that the judgment did not award it attorney's fees against Coleman, as La.C.C. 2545[1] authorizes against a seller who knew the defect (including, by imputation of knowledge, a manufacturer; Rey v. Cuccia, La.1974, 298 So.2d 840).
Coleman's principal argument is that the main demands were not redhibition but tort actions. We concede that the main demand by the materials-owner against the home manufacturer was exclusively quasi-delictual but we point out that the third-party demand of home manufacturer against heater manufacturer was exclusively contractual, arising out of the sale of the heater: third-party plaintiff's claim is that whatever loss (damage) it suffers by reason of the defect in the heater, third-party defendant is liable for, with expenses including attorney's fees, under C.C. 2545.[2] We agree.
The amount of the fees, however, can only be estimated from the work evident in the record, which will not support the $10,000 fee asked by Shelter. There is no testimony of the time spent in investigation, depositions and other preparation for trial. We conclude that $2,500 is appropriate under the circumstances.
Reversed; judgment for Shelter Resources Corporation against Coleman and Company for $2,500 with interest from date of this judgment and costs of appeal.
NOTES
[1] The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages.
[2] See Laughlin v. Fiat Distributors, Inc., La. App. 3 Cir. 1979, 368 So.2d 742, and Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., La. App. 3 Cir. 1979, 368 So.2d 747.