392 So.2d 704 (1980)
Willie Matt PAUL et al., Plaintiffs-Appellees-Appellants,
v.
FORD MOTOR COMPANY et al., Defendants-Appellants,
Alexandria Lincoln-Mercury, Inc., Third Party Plaintiff-Appellant.
No. 7847.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*705 Provosty, Sadler & deLaunay, Michael T. Pulaski, Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, Alexandria, for defendants-appellants.
Edward A. Kaplan, Alexandria, for plaintiffs-appellees-appellants.
Before GUIDRY, STOKER and DOUCET, JJ.
STOKER, Judge.
This is a redhibitory action brought by a husband and wife seeking to rescind the sale of an automobile, a 1978 Mercury Marquis. The trial court gave judgment for plaintiffs and ordered rescission of the sale and gave other forms of relief. The principal impact of the judgment fell on the manufacturer of the vehicle, Ford Motor Company. Judgment was also rendered against Alexandria Lincoln-Mercury, Inc., the seller, but this defendant was granted recovery over against Ford Motor Company on a third-party demand for indemnity. Ford Motor Credit Company, which financed the purchase of the vehicle, was also a defendant and the trial court's judgment contains certain orders directed to that company.
Ford Motor Company and Alexandria Lincoln-Mercury, Inc., have appealed from the trial court's judgment. The plaintiffs answered the appeal seeking (1) a reversal of the allowance of a credit to defendant-appellees of $.08 per mile for use by plaintiffs of the vehicle, (2) an increase in the award of attorney's fees to reflect the additional work required in defending this appeal and (3) reimbursement of telephone expenses in the amount of $13.66.
The principal factual question in this case is whether the vehicle in question contained a vice or defect when sold to plaintiffs. We agree with the trial court's finding that there was, and we affirm that portion of its judgment. In order to set forth all the issues we include the trial court's reasons for judgment which set forth with specificity its findings, rulings, and dispositions. We will then state our own rulings which will require reversal of certain aspects of the trial court's judgment.

"REASONS FOR JUDGMENT
Plaintiffs, Willie Matt Paul and Laverne Paul, bring this action in redhibition against Ford Motor Co., Ford Motor Credit Co., and Alexandria Lincoln-Mercury, Inc. Plaintiffs seek to rescind the sale of a 1978 Mercury Marquis bought by them from defendants, the cancellation of *706 the chattel mortgage connected with said sale, as well as damages and attorney's fees.
Plaintiffs purchased the auto in question on or about April 1978, from defendant, Alexandria Lincoln-Mercury for a negotiated cash price of $7,980. Plaintiffs were given a trade-in allowance of $1,605.00 for their 1969 model Chevrolet. Other expenses of the sale included taxes of $191.25, and license and title fees of $13.00, for a total deferred payment of $10,649.64, including interest.
Testimony at trial established that the auto in question was defective, in that on numerous occasions the engine would stall, or completely quit, often requiring the service of a mechanic to restart it. Plaintiffs afforded Alexandria Lincoln-Mercury numerous opportunities to cure this problem. The Alexandria Lincoln-Mercury mechanics attempted to correct this problem at least nine times within the first eight months after plaintiffs had purchased the car. The personnel at the Alexandria Lincoln-Mercury repair shop made a good faith effort to cure the problem, including seeking the advice of Mr. Barre, the Ford Motor Co. mechanical expert for this region. I was very impressed with the competency, knowledge, and frankness of Mr. Barre, who testified at trial. Mr. Barre acknowledged that the problem did exist with plaintiffs' car, and that the attempts to cure the problem had been unsuccessful.
The testimony and evidence at trial convinced me that the defect complained of by plaintiffs existed at the time of the sale, was not apparent at the time, and is so serious as to warrant rescission of the sale. Therefore, judgment is rendered for plaintiffs rescinding the sale of the auto, and against and between the various defendants in the following amounts and for the following reasons.
Judgment is granted for plaintiffs and against Alexandria Lincoln-Mercury for the entire purchase price paid for the vehicle, including the trade-in value given for plaintiffs' 1969 auto, taxes, license, title fee and all other costs incurred by plaintiffs in connection with this purchase, subject to the following conditions:
Plaintiffs partially financed their purchase of this auto with a loan obtained from Ford Motor Credit Co. To obtain this loan, plaintiffs signed a note which was secured by a chattel mortgage on the auto. It is necessary that this note be paid and the chattel mortgage be cancelled, in order for plaintiffs to return the car to the seller free of all liens and encumbrances. To accomplish this end, it is the order of this Court that Alexandria Lincoln-Mercury use part of the monies awarded to plaintiffs to pay the balance due on the note. In determining the balance due on the note, Ford Motor Credit Co. is ordered to give credit for installments paid by plaintiffs for unearned interest and for any other unaccrued charges reflected on the face of the note. Upon payment of this note, the chattel mortgage is to be cancelled.
The amount paid by Alexandria Lincoln-Mercury to Ford Motor Credit Co. is to be deducted from the monies owed by Alexandria Lincoln-Mercury to plaintiffs. The balance shall immediately be paid to plaintiffs, subject to a credit of eight cents a mile for plaintiffs' actual use of the car.
Plaintiffs are ordered to return the car to Alexandria Lincoln-Mercury, free of all liens. This procedure is intended to place these three parties in the positions they were in prior to the sale of the car.
No allegation of bad faith on the part of Alexandria Lincoln-Mercury was made or proven at trial, therefore, Alexandria Lincoln-Mercury is not liable to plaintiffs for consequential damages or attorney fees.
Alexandria Lincoln-Mercury filed a third party demand in this lawsuit seeking indemnification from Ford Motor Company for any and all sums that this court awards to plaintiffs. Judgment is hereby granted in favor of Alexandria Lincoln-Mercury and against Ford Motor Company for indemnification of all amounts paid by Alexandria Lincoln-Mercury *707 to plaintiffs. Alexandria Lincoln-Mercury is ordered to return the defective automobile to Ford Motor Company.
Plaintiffs seek attorney fees and consequential damages against Ford Motor Company. The law of this state provides that a manufacturer is presumed to know the defects of his products and is presumed to be in bad faith. LSA-C.C. art. 2545 allows the recovery of damages against the bad faith seller. Therefore, judgment is rendered for attorney's fee in the amount of $2000.00 and for inconvenience and embarrassment in the amount of $2500.00. The testimony of plaintiffs and their witnesses was that the car stalled several times while the plaintiffs and friends were on vacation in the car and also while Mrs. Paul was using the car to transport herself and some classmates to school. On each of these occasions the plaintiffs and their friends were stranded until the auto could be restarted by a mechanic. I feel this caused them great embarrassment and inconvenience, and justifies an award against the manufacturer.
All costs of these proceedings are to be paid by defendants.
Judgment rendered this 8th day of February, 1980, Alexandria, Louisiana.
 /s/ Richard E. Lee 
 RICHARD E. LEE,
 JUDGE
 DIVISION `F'"
After reading the record and the testimony of the experts who examined plaintiffs' 1978 Mercury Marquis we fully agree that the vehicle was defective. Alexandria Lincoln-Mercury, Inc., extended every effort in attempting to discover the problem. We do not find that defendants dispute the fact that the vehicle tended on occasion to stall, stop or act as if it were running out of gas. In fact, under the theory advanced by the defendants' experts the vehicle was subject to running out of gas because the gas was being choked off at the source, that source being the filter in the gas or fuel tank. None of the defendants' experts could find any cause for the problem, except for the discovery of certain foreign material in the tank variously described as particles having the appearance of thin paint flakes or scrapings, or as varnish-like material and also as small pieces of cellophane. The size of these particles was about one-eighth inch square. The fuel filter measured about two inches long and was three-quarters of an inch in diameter.
Defendants' experts theorized that these foreign particles were formed from the gasoline, principally unleaded gas. They put forth the interesting speculation that the phenomenon resulted for some unknown reason at times when the fuel in storage tanks and service stations was low. To give plausibility to their theory the experts suggested that at the onset of gas shortages on a nationwide basis and the institution of allocation of gasoline to service stations and their suppliers, there was a tendency for storage tanks to be pumped to a point of virtually emptying them. This practice resulted, in their opinion, in pumping up some filmy substance which normally rested at the bottom of the tanks. Under normal conditions of supply gas would be pumped off the top of the fuel storage tanks and the filmy substance would not be pumped into automobile gas tanks. Hence, under normal conditions of an abundance of gasoline the problem would not manifest itself.

VICE OR DEFECT
It appears to us that in offering this persuasive explanation defendants have only succeeded in proving plaintiffs' case for them. Plaintiffs had a pickup truck and bought gas regularly for both of their vehicles at the same stations. Yet, no problems ever developed with the pickup truck of the nature complained of in the 1978 Mercury Marquis. Plaintiffs' problems predominated on long trips where gas would be bought over long distances. The defendants' experts testified this was consistent with their theory because, as the vehicle was driven longer there was a greater period of time during which the foreign material could be drawn toward the fuel tank filter and coat it over so as to cut off the gasoline supply.
*708 In our opinion when an automobile manufacturer offers an automobile for sale the automobile should be capable of operating properly on the standard fuels marketed for use in such vehicles. The expert testimony established that the problem described was apparently noted generally over the country as early as 1973, although it was not established to be a common problem. Therefore, if we accept defendants' explanation of what caused the stalling, stopping and motor failures, defendants are in the unusual position of establishing that the 1978 Mercury Marquis contained a vice at the time of sale. The vice consisted of being equipped with a filter system incapable of filtering standard fuel sold at ordinary places of supply, albeit that the fuel came from tanks in near empty condition as above explained.

PRESUMPTION FROM FAILURE OF PLAINTIFFS TO CALL A WITNESS
Defendant-appellant Alexandria Lincoln-Mercury, Inc., complains on appeal of the failure of the trial court to apply an adverse presumption against plaintiffs. At plaintiffs' request a mechanic by the name of Monte Elliott examined the 1978 Mercury Marquis to see if he could locate the trouble. Mr. Elliott was subpoenaed but was not called by plaintiffs as a witness. Alexandria Lincoln-Mercury, Inc., urges that in a redhibitory action, as in other litigation, the failure of a party to call an expert witness within his control who has firsthand knowledge of the facts, gives rise to a presumption that the witness's testimony would have been adverse to the litigant. The cases cited are Edelman Systems, Inc., v. Capital GMC, Inc., 345 So.2d 99 (La.App. 1st Cir. 1977), writ denied, 347 So.2d 250 (La.1977) and Loewer v. Vanderhider, 336 So.2d 1011 (La.App. 3rd Cir. 1976), writ denied, 339 So.2d 850 (La.1976).
While the general rule referred to is well recognized it is applied in connection with all the evidence and particularly in connection with determining whether a plaintiff has established a prima facie case. We are not sure how Alexandria Lincoln-Mercury would have us apply the presumption. In this suit a prima facie case of redhibition was made, and as we have pointed out the proof was provided by defendants themselves. No one contests the fact that plaintiffs' car was malfunctioning. No one found any problem other than the inadequacy of the fuel filter in the fuel tank. We are left without a contention as to what the adverse presumption would show.
An equally important reason why we see no force to the claimed adverse presumption is that inasmuch as defendants' experts established plaintiffs' case for them, there was no reason to call Mr. Elliott as a rebuttal witness. It is well understood that some witnesses, particularly expert witnesses, are called simply for the purpose of rebuttal testimony when needed.

INDEMNITY IN FAVOR OF SELLER
The dispositions made by the trial court in favor of Alexandria Lincoln-Mercury, Inc., were correct. We affirm this portion of the trial court's judgment including the disposition ordered with reference to retiring the chattel mortgage note give in connection with the loan made by Ford Motor Credit Company.

AWARD FOR INCONVENIENCE AND EMBARRASSMENT
The evidence establishes that plaintiffs suffered considerable inconvenience as a result of being stalled at various times and the necessity of returning the vehicle to Alexandria Lincoln-Mercury, Inc., for attempted correction of the trouble. For this the trial court awarded $2,500.00. The courts of this state have not yet seen fit to recognize non-pecuniary damages in redhibition to cover mental anguish, inconvenience and embarrassment. Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La. 1976); Robertson v. Jimmy Walker Chrysler-Plymouth, Inc., 368 So.2d 747 (La.App. 3rd Cir. 1979), writ denied, 371 So.2d 833 (La.1979); Laughlin v. Fiat Distributors, Inc., 368 So.2d 742 (La.App. 3rd Cir. 1979); Muller v. A. K. Durnin Chrysler-Plymouth, Inc., 361 So.2d 1257 (La.App. 1st Cir. 1978), *709 writ denied, 363 So.2d 915 (La.1978); Burns v. Lamar-Lane Chevrolet, Inc., 354 So.2d 620 (La.App. 1st Cir. 1977); Stratton-Baldwin Co. Inc., v. Brown, 343 So.2d 292 (La. App. 1st Cir. 1977). Therefore, we reverse the trial court award of this sum.

ATTORNEY'S FEES FOR THIRD PARTY PLAINTIFF
Alexandria Lincoln-Mercury, Inc., contends alternatively that in the event plaintiffs' recovery is affirmed, it should be indemnified by Ford Motor Company and judgment should also be granted against Ford Motor Company for reasonable attorney's fees in favor of Alexandria Lincoln-Mercury, Inc. The trial court granted the third party demand of Alexandria Lincoln-Mercury, Inc., for indemnity against Ford Motor Company. However, the trial court made no mention of attorney's fees. This is equivalent to a denial of reasonable attorney's fees. Alexandria Lincoln-Mercury, Inc., contends the trial court erred in failing to award these fees. We agree and reverse on this point. We will award the sum of $2,500.00 to Alexandria Lincoln-Mercury, Inc., as reasonable attorney's fees to include services on this appeal, the judgment to run against Ford Motor Company. LSA-C.C. art. 2545; Robertson v. Jimmy Walker Chrysler-Plymouth, supra; Laughlin v. Fiat Distributors, Inc., supra; Porche v. Robinson Bros., Inc., 349 So.2d 975 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 171 (La. 1977); Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975), writ refused, 313 So.2d 239 (La.1975) and C. T. Boudreaux Lumber Co., v. Sherrwood Homes, Inc., 371 So.2d 326 (La.App. 4th Cir. 1979).

CREDIT TO DEFENDANTS FOR USE OF VEHICLE
In plaintiffs' answer to the appeal they contend that under the circumstances of this case the defendants should not be allowed a credit of $.08 per mile for each mile of use of the vehicle.
Plaintiffs have called our attention to the Louisiana Supreme Court case of Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). In that case the Supreme Court observed:
"A credit for a purchaser's use of a product may be proper in certain instances, even in favor of a bad faith seller.... Compensation for the buyer's use, however, ought not be granted automatically by the courts; even the value of an extensive use may be overriden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair."
The Louisiana Supreme Court referred to our case of Hebert v. Claude Y. Woolfolk Corp., 176 So.2d 814 (La.App. 3rd Cir. 1965). It noted that in the Hebert case no credit was allowed for purchaser's use for 8500 miles over 7½ months, because the truck's defects were found to have rendered it totally useless. The Supreme Court added:
"Often a defect in the thing, although redhibitory, does not render the thing absolutely useless. In such cases, where the purchaser has derived some benefit from the thing before its return, in spite of the defects, it is proper to award a credit for use."
Considering the facts and circumstances of this case, we are of the opinion that the trial court's allowance of credit was proper and we affirm the judgment in that respect.

TELEPHONE EXPENSES
Plaintiffs introduced evidence of telephone call expenses in the amount of $13.66 made in connection with the stoppages or stalling of the 1978 Mercury Marquis. Tr. 126-128 and P-8. The trial court failed to make an allowance for these expenses. We will allow them. Breaux v. Winnebago Industries, Inc., 282 So.2d 763 (La.App. 1st Cir. 1973).

ATTORNEY'S FEE FOR SERVICES ON APPEAL
We will make an award to plaintiffs of $500 to cover the services of counsel rendered in connection with this appeal. *710 The total award will thus be $2,500.00. Counsel has successfully defended the principal issue in this case, the question of whether the sale should be rescinded. In addition plaintiffs have prevailed on the issue concerning reimbursement of telephone expenses. Therefore, we will not apply the rule applied in Gagnard v. Travelers Ins. Co., 380 So.2d 191 (La.App. 3rd Cir. 1980) and the earlier case of Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3rd Cir. 1979), writ granted, 371 So.2d 618 (La.1979).[1]

CONCLUSION
For the reasons set forth above that portion of the judgment of the trial court awarding plaintiffs the sum of $2,500.00 for inconvenience and embarrassment is reversed and set aside. Further, the judgment is amended to award plaintiffs additional judgment against defendants for the sum of $13.66 with judgment being granted to Alexandria Lincoln-Mercury, Inc., over against Ford Motor Company in the amount of $13.66 by way of indemnity.
The judgment of the trial court is amended to grant judgment in favor of Alexandria Lincoln-Mercury, Inc., and against Ford Motor Company for attorney's fees in the sum of $2,500.00.
The judgment of the trial court is further amended to increase the award of attorney's fees to plaintiffs to award a total sum of $2,500.00 to cover services rendered in the trial court and on appeal.
In all other respects the judgment of the trial court is affirmed. The costs of this appeal are to be borne equally by plaintiffs-appellees-appellants, Willie Matt Paul and Laverne Paul and by Ford Motor Company defendant-appellant and third party defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART AND RENDERED.
NOTES
[1] There is no official indication as to the ultimate disposition of the Conlay case. Unofficially we have been advised by counsel that the case was compromised and settled prior to being acted upon by the Louisiana Supreme Court.