DOUCET, Judge.
This is a suit for property damages incurred by plaintiffs, William B. Corley and Tillie Corley, as a result of the destruction of their mobile home by fire. The plaintiffs named as defendants Jonesville Mobile Home Distributors, Inc., vendor of the mobile home, and its insurer, The Travelers Insurance Company, Champion Home Builders Company, manufacturers of the mobile home, and The AEtna Casualty & Surety Company, its insurer. Jonesville Mobile Home Distributors, Inc. and Travelers filed a third party demand against the manufacturer, Champion Home Builders Company and their insurer for any sums for which the seller and its insurer may be cast in the main demand, as well as attorney’s fees incurred by the seller and its insurer in their own defense.
The trial court found as a matter of fact that the fire resulted from a defect in the trailer which existed at the time of manufacture by Champion Home Builders Company. In accordance with that finding, the trial court rendered judgment against the manufacturer and the seller and their respective insurers in solido. The trial court further rendered judgment on the third party demand in favor of the seller and its insurer for indemnity for the seller’s obligation in the judgment. Finally the trial court cast the seller and its insurer to pay one-half (V2) of the attorney’s fees awarded to plaintiffs, one-half (V2) of the court costs, and further denied the seller’s and insurer’s claim for their attorney’s fees. Jonesville Mobile Home Distributors and Travelers have perfected this appeal suggesting the trial court erred in denying their claim for indemnity for one-half of the attorney’s fees, one-half of the court costs, and their claim for their own attorney’s fees.[1] We agree and reverse in part.
The issue on appeal in this case is the right of a defendant seller to indemnity for all sums for which it may be cast on a main demand based upon the manufacturing defect in the product sold, together with an award for reasonable attorney’s fees incurred in such defense and prosecution of its third party demand.
The trial judge found as a matter of fact that the cause of the mobile home fire was a defect in the manufacture of the mobile home. He further determined that the defect was hidden and could not be observed by the seller, Jonesville Mobile Home Distributors, Inc. These conclusions are not contested and are not the subject of this appeal.
Defendant-appellant asserts that the trial court erred to the extent that the judgment casts the defendant seller and its insurer for one-half (V2) of attorney’s fees awarded to plaintiff and court costs. We agree. This ruling is clearly contrary to Louisiana jurisprudence. In Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975) this court made the following comments:
“. . . The broad authority granted to the trial judge under Code of Civil Procedure Article 1920[2] does not mean that there are no guidelines to govern the taxing of costs. Greenburg v. Fourroux, 300 So.2d 641 (La.App. 3rd Cir. 1974); Johnson v. *46 Marshall, 202 So.2d 465 (La.App. 1st Cir. 1967). In Greenburg the trial judge rendered judgment in favor of the plaintiff, but divided court costs between the plaintiff and defendant. This court reversed and found error on the part of the trial judge in assessing the winning party with part of the court costs. In the present suit ultimate liability is placed upon Champion, the manufacturer of the defective mobile home, and this party should bear the costs of this litigation.”
Defendant-appellant further argues that the trial court erred in denying an award of reasonable attorney’s fees incurred in the defense of this suit. We agree. In Paul v. Ford Motor Company, 392 So.2d 704 (La.App. 3rd Cir. 1980), this court made the following determinations:
“The trial court granted the third party demand of Alexandria Lincoln-Mercury for indemnity against Ford Motor Company. However, the trial court made no mention of attorney’s fees. This is equivalent to a denial of reasonable attorney’s fees. Alexandria Lincoln-Mercury, Inc. contends the trial court erred in failing to award these fees. We agree and reverse on this point. We will award the sum of $2,500 to Alexandria Lincoln-Mercury, Inc. .as reasonable attorney’s fees to include services on this appeal, the judgment to run against the Ford Motor Company. LSA-C.C. Art. 4545; Robertson v. Jimmy Walker Chrysler-Plymouth, [368 So.2d 747 (La.App.)] supra; Laughlin v. Fiat Distributors, Inc., [368 So.2d 742 (La.App.) ] supra; Porche v. Robinson Brothers, Inc., 349 So.2d 975 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 171 (La. 1977); Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975), writ refused, 313 So.2d 239 (La.1975), and C. T. Boudreaux Lumber Company v. Sherrwood Homes, Inc., 371 So.2d 326 (La.App. 4th Cir. 1979).”
In light of Paul v. Ford Motor Company, supra, and the cases cited therein, judgment should have been awarded in favor of defendant-appellants against the manufacturer and its insurer on its third party demand for reasonable attorney’s fees.
For the reasons assigned, the judgment of the trial court is affirmed in all respects, except with reference to the assessment of court costs and the attorney fees awarded to plaintiff. We reverse to assess all court costs and attorney’s fees awarded to plaintiff against Champion Home Builders Company and its insurer, The AEtna Casualty & Surety Company. We further reverse on the denial of reasonable attorney’s fees to Jonesville Mobile Homes Distributors, Inc. and Travelers Insurance Company for the defense of this suit at the trial level and award attorney’s fees in the amount of $2,250 in favor of defendant-appellant and against Champion Home Builders Company and its insurer, The AEtna Casualty & Surety Company.
Furthermore, the defendant-appellant has perfected this appeal asking for additional attorney’s fees to cover the costs of this appeal. We hereby grant the defendant-appellant an additional award of attorney fees in the amount of Five Hundred and no/100 ($500.00) Dollars.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. This appeal is moot insofar as the claims of Champion Home Builders and its insurer are concerned as a settlement was reached by said parties with plaintiff-appellees. However, this appeal remains viable as to the third party demands of Jonesville Mobile Homes and its insurer against the manufacturer and its insurer.

. Art. 1920. Costs; parties liable; procedure for taxing
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, .the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.