424 So.2d 1085 (1982)
William and Mary TRIGG
v.
CAMPER VILLAGE, INC. d/b/a Mobile Home Village of Denham Springs and DeRose Industries, Inc.
No. 82 CA 0058.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Writ Denied February 11, 1983.
*1086 Keith B. Nordyke, Baton Rouge, James E. Kuhn, Denham Springs, for plaintiffs-appellees.
Sumpter Davis, III, Baton Rouge, for defendants-appellants.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
William and Mary Trigg purchased a mobile home from Camper Village, Inc. during December of 1979. Alleging various redhibitory defects, plaintiffs filed suit on August 1, 1980, against Camper Village, Inc. d/b/a Mobile Home Village of Denham Springs and DeRose Industries, Inc., the manufacturer. Camper Village filed a third party demand against DeRose Industries for indemnification and attorney's fees. After a trial on the merits, the court rendered judgment in behalf of the plaintiffs and against DeRose Industries, awarding plaintiffs $8,271.02 and rescinding the sale of the mobile home, and awarding plaintiffs $2,500.00 in attorney's fees. In addition, the court rendered judgment in favor of Camper Village and against De-Rose Industries in the amount of $2,000.00 in attorney's fees. DeRose Industries appealed and plaintiffs answered the appeal requesting additional attorney's fees.
DeRose Industries argues on appeal that the trial court erred, first, in finding that defects existed at the time of the sale and, second, in finding that it, DeRose Industries, was responsible for those defects. Although plaintiffs alleged various minor defects in the mobile home (the back door leaks, the doors do not fasten properly, there are holes in the ceiling of the master bedroom, and the paneling over the stove is improperly installed), these defects are both apparent and minor and therefore cannot form the basis of a suit in redhibition. LSA-C.C. arts. 2520 and 2521; Millin v. Dawson, 387 So.2d 1213 (La.App. 1st Cir. 1980), Rankin v. Blanchard, 349 So.2d 968 (La.App. 1st Cir.1977).
The remaining defect of which plaintiffs complain is severe warping of the floors of the mobile home. At trial, plaintiffs introduced photographs of the floor area of the mobile home which clearly showed the extent of the defect. Mr. Trigg testified that Camper Village delivered the double wide mobile home to his lot approximately one week before Christmas of 1979 and at that time Camper Village blocked and leveled the mobile home. Approximately two to four months later, he contacted Camper Village and had them level and block the mobile home a second time. According to Mr. Trigg, it was sometime after the mobile home was blocked and leveled for the second time that the floors began to warp. However, Mr. Trigg testified that neither before nor after this second leveling did he notice any problems with the two sides of the double wide mobile home joining properly.
Mr. Haggler, quality control manager for DeRose Industries, testified that the mobile home was not set up according to the manual supplied by DeRose Industries. However, he also testified that the manual did not contain hard and fast requirements but simply recommendations, and that although it was not common practice to block a mobile home at all four corners and in the middle, as was done here, he could not say that it was "scientifically engineeringly unsound".
Norman Kristofferson, service man for DeRose Industries, testified that the floor joists were bent and that in order to correct the warping of the mobile home, the flooring and the floor joists would have to be *1087 removed and replaced and that new floor covering would have to be installed.
Based on the evidence presented at trial, the trial judge found that "plaintiff established that serious defects existed in the trailer when they purchased it. The existing defects were not apparent and could not have been detected by a reasonable inspection." Although the civil code states that defects manifesting themselves within three days are presumed to have existed at the time of the sale, the appearance of certain types of defects within a relatively short time after purchase may lead to the reasonable inference that the defects existed at the time of the sale. Bison v. LaHood, 390 So.2d 920 (La.App. 2nd Cir.1980), Riche v. Krestview Mobile Homes, Inc., 375 So.2d 133 (La.App. 3rd Cir.1979). Our examination of the record indicates that there was no manifest error in the factual finding of the trial court that the warping of the floors of the mobile home was due to some defect or vice in the materials of the mobile home which was present at the time of the sale. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Appellant next argues that the trial judge was in error in denying them credit for use of the mobile home by the plaintiffs. It is true that credit for use of a redhibitory sale item may be granted by the court upon rescision of the sale. Weaver v. Fleetwood Homes of Mississippi, Inc., 327 So.2d 172 (La.App. 3rd Cir.1976). However, appellant presented no evidence at trial as to the fair monthly rental value for a mobile home.[1] Because there was no evidence in the record on which to base an award to appellant for plaintiffs' use of the mobile home, the trial court was correct in denying appellant's request for such credit.
The judgment rendered in favor of plaintiffs included an award of $221.50 representing premiums on insurance which the plaintiffs were required to have on the mobile home. Appellant argues that the trial judge erred in granting this award because the plaintiffs did not plead for the recovery of insurance premiums in their petition. Therefore, appellant argues, the testimony which was taken at trial over the objection of both Camper Village and DeRose Industries, regarding the insurance premiums, is an unwarranted expansion of the pleadings and should not be considered.
"The law and jurisprudence are clearly to the effect that harsh rules of procedure are not favored and that pleadings should be liberally construed so as to serve the ends of justice rather than technical niceties." Buckley v. Nat Harrison & Associates, 245 So.2d 522 (La.App. 3rd Cir.1971). The record indicates that a pretrial conference was held and at that time Camper Village and DeRose Industries were made aware of the fact that plaintiffs would introduce into evidence a copy of an insurance policy issued by Foremost Insurance Company on the mobile home owned by plaintiffs. In light of this, appellant's assignment of error has no merit.
Lastly, appellant argues that the court erred in awarding Camper Village $2,000.00 in attorney's fees. According to LSA-C.C. 2545, a manufacturer is presumed to know the defects of the thing he manufactures and is therefore in bad faith and liable for attorney's fees. Porche v. Robinson Brothers, Inc., 349 So.2d 975 (La. App. 1st Cir.), writ denied, 351 So.2d 171 (La.1977). Therefore, the award by the lower court of $2,000.00 in attorney's fees to Camper Village is affirmed.
Further, plaintiff-appellees are awarded an additional $500.00 for attorney's fees for services rendered on appeal. Paul v. Ford Motor Company, 392 So.2d 704 (La.App. 3rd Cir.1980); Riche v. Krestview Mobile Homes, Inc., supra.
*1088 The judgment of the trial court is affirmed in all respects. Costs are to be paid by appellant.
AFFIRMED.
NOTES
[1] Mr. Tony Amarosa testified as to the monthly rental value of a mobile home in a deposition taken by Camper Village, Inc. on September 15, 1981. The trial was heard on June 9, 1981, written reasons for judgment were signed on August 27, 1981, and the judgment was signed on September 18, 1981. Therefore, Mr. Amarosa's testimony regarding the monthly rental value of the mobile home will not be considered.